BURTON W. BELLAMY, APPELLANT, vs. ALEXANDER B. HAWKINS, APPELLEE.

Bill filed by an executor against a co-executor to recover a *pro rata* share of compensation and commissions allowed by the order of the probate court and paid to and retained by the co-executor, who refuses to pay over the share claimed by the complainant: *Held*, That the remedy at law is plain and adequate, no discovery is necessary, and chancery has no jurisdiction.

Appeal from the Circuit Court for Leon county.

The bill of complaint alleges that Hawkins, the defendant, received into his own hand and possession nearly all the assets of the estate, consisting of moneys and bonds, and has continued to hold and control the same, and to make investments with said money without permitting Bellamy, and the other executors to participate therein, and without consulting him ; that Hawkins has used Bellamy's name as co-executor when necessary, and procured Bellamy's signature to receipts and deeds and other papers when necessary ; that Bellamy has performed every act on his part that would be to the advantage of the estate ; that Bellamy has had great anxiety on account of the administration, and put himself to a great deal of trouble to find out what investments were made by H. and how made, and that Bellamy, " being satisfied," he "made no objection thereto ;" that he (Bellamy) has often requested Hawkins to divide the assets with him, but that Hawkins refused to divide the assets or allow him to co-operate with him in the management of the moneys, bonds or other assets ; that as Bellamy shared the responsibility he was willing also to share the labor ; that notwithstanding the long administration and the great responsibility of Bellamy through long series of years, and notwithstanding his willingness to share in the said administration, prevented by Hawkins as aforesaid, Hawkins has not allowed him his share of compensation and allowances, but took all the allowances and also extra allowances, and kept them for his own use without giving anything to Bellamy ; that Hawkins gave part of the commissions and allowances to the two other executors, Denham and Bailey, and Bellamy himself has not received any of the commissions and allowances, and charges that the other two executors " performed little or no part in the administration," for the same reason as Bellamy, they being prevented ; that commissions and allowances from commencement of admin-

istration amount to about $17,000, and that complainant is entitled to one-fourth up to A. Z. Bailey's death, who died in September, 1871, and from death of A. Z. Bailey to death of William Denham, who died in August, 1873, one-third, and one-half from death of William Denham until the close of administration; that testator appointed four executors that each should be a check on the other, but it was not his desire that Hawkins should take charge of all the assets, but that in the event all would not participate actively in the administration, that those who were so engaged should have an eye to the work and see that it was properly done, and all should receive a just compensation; and if one chose to perform all the work and control all the assets, that he should share the commissions and allowances with the others; that complainant has often requested Hawkins to divide commissions and allowances, or even to permit him to participate in the administration of the estate; that defendant pretends that complainant is not entitled to any commissions or allowances, or even any compensation, because he says complainant has not done much or anything in the administration of the estate, while "complainant charges the contrary to be true," and alleges "that he would have done his part in the said administration if defendant had permitted him;" that defendant received all the assets of the estate and invested them without consulting complainant; making returns annually without consulting or informing complainant, and keeping all the commissions and allowances; that defendant has not put down in his returns all the commissions to which the executors were entitled, to-wit: the enhanced value of the bonds since the investments were made; that Bellamy's "name has been used to receipts and deeds and other writings, which could not be done without complainant's signature," and that "the same represented large amounts of money;" that defendant has received all the commissions without dividing with complainant.

The prayer of the bill is that Hawkins " be decreed to render a just and fair account of all and singular the moneys he has received as commissions and allowances from the said estate," and " show what investments he has made and the profits arising therefrom," and reference be made to a master to take and state an account of all said matters and things, and that Hawkins be decreed to pay complainant whatever amount he may be found due as part of said commissions and allowances, and prayer for general relief.

*Angus Paterson* and *White & Bryson* for Appellant.

*Geo. P. Raney* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court.

This cause was heard by the Chancellor upon the pleadings and proofs, and the court found that the complainant is not entitled to recover anything of the defendant; that he has received from the estate of William Bailey, the testator named in this cause, at least full compensation for all services rendered by him to the said estate, as shown by the evidence, and thereupon decreed that the complainant's bill be dismissed with costs.

We have examined the record and considered the authorities refered to, and must express our regret that the parties have been at such labor and expense as they have subjected themselves to in this case without a practical result.

There is nothing in the case to show that the complainant may not have a plain and adequate remedy at law to recover the demands set up in the bill, by an action for money had and received, in which the respective causes of action and defence may be submitted to a jury, which is the proper tribunal to determine them.

The claim is, that Hawkins, one of the executors, has received out of the estate of Bailey, deceased, certain sums of

money, which was ascertained, adjudged and allowed by the Probate Court as commissions and compensation to which all the executors were entitled by the statute, and that complainant, being one of the executors, is entitled to a certain easily-ascertained share. There is no such complication of accounts or concealment of facts by the defendant possible, according to the case made, which makes a discovery necessary, because all the facts are contained in the record and proceedings of the Probate Court. Courts of equity will entertain jurisdiction in matters of account when there are mutual accounts, and also when the accounts to be examined are on one side only, and a discovery is wanted in aid of the account and is obtained; but in such a case, if no discovery is asked or required by the frame of the bill, the jurisdiction is not maintainable. (1 Story's Eq. Jur., §458 and notes.) It is not every account which will entitle a court of equity to interfere.

It must be such an account as cannot be taken justly and fairly in a court of law. Ib.; see also Story's Eq. Pl., §§473-479, and authorities; 1 Daniel's Ch. Pl. & Pr., 3 Am. Ed., 575, n. 1.

Ogle vs. Haddock's adm'r, 1 Vesey, 162, was a bill for an account and division of prize money. The Lord Chancellor says, "There is no ground to come here for an account, the sum being certain, and, therefore, no necessity to decree for the plaintiff if his right was stronger; being a mere legal right which should be recovered at law."

In Phillips vs. Phillips, 9 Hare, 471, the Vice-Chancellor says: "I take the rule to be that a bill of this nature will only lie where it relates to that which is the subject of a mutual account, and I understand a mutual account to mean, not merely where one of two parties has received money and paid it on account of the other, but where each of two persons had received money and paid it on the other's account. * * Where one party has merely received and paid mon-

eys on account of the other, it is a simple case. * * The question is only as to the receipts on one side and the payments on the other, and it is a mere question of set-off; but it is otherwise where each party has received and paid;" and in Porter vs. Spencer, 2 Johns. Ch., 169, it is held that to sustain a bill for an account there must be mutual demands, and not merely payments by way of set-off; there must be a series of transactions on one side and payments on the other. Also in Pearl vs. The Corp. of Nashville, 10 Yerg., 179, it is said that account is a head of equity jurisdiction; but it is so only in cases where there are mutual accounts, and not where the items are all on one side. See also Foley vs. Hill, 1 Phillips, 407: "A party has no right to come here upon a simple transaction of this kind, when justice may be administered in a more simple way and at less expense in a court of law." In that case the parties were before the court upon bill, answer and proof, and the bill was dismissed upon the ground stated.

But it is unnecessary to cite further authorities; the question is entirely settled by the courts in England and in this country, and it is only necessary to refer further to sections 457 to 459 of the late edition of Story's Eq. Jur., and to Daniel's Ch. Pl. & Pr., (3 Am. Ed.,) 575 and notes.

The decree (without reference to the conclusions of the court upon the facts) dismissing the complainant's bill is affirmed, without prejudice to his right of action at law.