A. P. BREWER, Respondent, v. GEORGE SWARTZ, Appellant.

### Kansas City Court of Appeals, March 5, 1900.

Action: PARTNERSHIP: LAW: EQUITY: PLEADING. The prayer of a petition was for the dissolution of a partnership and an accounting, but its allegations showed a dissolution and that an arrangement had been had as to all the partnership matters save three or four items for the settlement of which a definite agreement was entered into, which items were involved in the action. Held, that the petition stated only an action at law and not in equity. Bender v. Markle, 37 Mo. App. 234, distinguished.

Appeal from the Jackson Circuit Court.—*Hon. E. P. Gates,* Judge.

REVERSED AND REMANDED.

*Kinley, Carskadon & Kinley* for appellant.

(1) The petition shows on its face that at the time it was filed the partnership relation between plaintiff and defendant had long since been terminated, and that no business relations existed between them other than what was covered by the written contract. It necessarily follows that the plaintiff's cause of action, if any, as shown by the petition, is at law for recovery on the contract set out in the petition, and not in equity. (2) This point being correct, it must follow that the court erred in refusing the defendant a jury trial. (3) Asking an equitable remedy, to which one is not entitled, does not make an action, essentially legal, a proceeding in equity. Brown v. Bank, 5 Mo. App. 1; McClurg v. Phillips, 49 Mo. 315. (4) If it is an action at law, unless the defendant waive a jury, the cause must be remanded,

for the reason that the defendant has a constitutional right to a jury trial. Rush v. Brown, 101 Mo. 586. (5) If it may be called a suit on account, the items were not so complicated but that an action at law furnished an adequate legal remedy, and there was no jurisdiction in equity, especially where the accounts are all on one side. Appeal of Passyunk Bldg. Ass'n, 83 Pa. St. 441; 1 Story's Eq. Juris. [13 Ed.], sec. 459; Craig v. McKinney, 72 Ill. 305; 1 Pomeroy's Eq. Juris. [2 Ed.], sec. 173; Bellamy v. Hawkins, 16 Florida 733; O'Connor v. Spaight, 1 Schoales & Lefr. 305; 2 Chancery Rep. 471; Phillips v. Hill, 2 H. L. Cas. 28; Paton v. Clark et al., 156 Pa. St. 49; Appeal of Railroad, 99 Pa. St. 228; Silver v. Railway, 5 Mo. App. 381; Whetstone v. Shaw, 70 Mo. 575.

*Meservey, Pierce & German* for respondent.

"It is settled law that an action of one partner against another on an unsettled account of more than a single item, is strictly an equitable action." Rankin v. Fairley, 29 Mo. App. 587; Wright v. Radcliffe, 61 Mo. App. 257; R. S. 1889, sec. 2131; Hunter v. Whitehead, 42 Mo. 524.

ELLISON, J.—The plaintiff and defendant were partners in the wholesale lumber business. They afterwards dissolved the partnership by mutual consent. The judgment in the trial court was for plaintiff.

The principal question for decision is whether the case is in equity or at law. While the prayer of the petition is for a dissolution of the partnership and an accounting (matters for equitable jurisdiction) yet the face of the petition alleges that the parties themselves had, at a day alleged, dissolved the partnership and shows that they entered into full settlement of the partnership affairs, the result of which was

that defendant paid plaintiff the sum of $3,000, and defendant, on the same day, signed two written obligations to plaintiff. In one of these, defendant states the dissolution of the partnership and acknowledges that the firm owed an unsettled account to the LaBelle Wagon Works for $120, and that he was to receive all moneys and pay all debts of the firm and that he had received from plaintiff his share of said wagon works debt. The other was a promise to pay to plaintiff one-half of three accounts due the firm when collected and providing further that there were two outstanding checks given by the firm "calling for $52.09." Of these it was agreed that if the checks were not presented by July 1, 1893, defendant would pay plaintiff one-third of their amount plaintiff agreeing to repay defendant if the checks should thereafter be presented for payment.

From the foregoing it is apparent that the partnership was not only dissolved by the parties but that they fully settled all matters pertaining thereto, defendant paying plaintiff $3,000 and agreeing to settle the three or four matters which could not then be finally adjusted between them in the manner above shown. The dissolution and settlement was complete and if plaintiff has any action against defendant it must arise on these written contracts which would merely be a suit at law.

The authorities cited in plaintiff's brief are not applicable. It is true that in Bender v. Markle, 37 Mo. App. 234, we said: "Notwithstanding there may be a settlement between partners of matters theretofore existing and a dissolution, the partnership still continues in a qualified sense, for the purpose of paying and collecting partnership claims, and adjusting partnership affairs and partnership relations which existed or had their inception prior to the dissolution; and an action by one partner against another for a sum alleged to be due plaintiff on account of partnership matters

transpiring since the dissolution is an action of equitable cognizance, and this too, though there is no prayer for an accounting, as the relief will be granted in accordance with the facts averred and proved."

But that case is wholly unlike this; for there, there were left unsettled and unadjusted and unprovided for a large amount of partnership business; while here, it was all settled and adjusted as completely as if there had been a balance struck and the debtor party had executed his note for the balance.    There is nothing for a court of equity to adjust. Silver v. Railway, 5 Mo. App. 381; Whetstone v. Shaw, 70 Mo. 575.    Here the matter is one-sided.    There is no complicated account and no discovery is sought.    Appeal by Passyunk, 83 Pa. St. 441.    So, therefore, notwithstanding the prayer, the petition itself shows the account to be on one side and no discovery is sought, the relief is at law.    Appeal of Passyunk, 83 Pa. St. 441.    Where the claim is, in effect, merely for damages for breach of contract, the remedy is at law.    Paton v. Clark, 156 Pa. St. 149; Appeal of Railway, 99 Pa. St. 177.    In a case of this nature there should be mutual accounts, where one has paid and the other received, or where both have paid and both received, not where the case is essentially a breach of contract.    Bellamy v. Hawkins, 16 Florida 733.

The defendant having been deprived of a trial at law the judgment will be reversed and the cause remanded.    All concur.