A. P. BREWER, Respondent, v. GEORGE SWARTZ, Appellant.

Kansas City Court of Appeals, May 5, 1902.

1. **Pleading: PETITION: CAUSE OF ACTION.**  A petition without an allegation that amounts to a claim of indebtedness from the defendant to the plaintiff, or some promise of his to pay or do, something upon which a right can be founded, does not state a cause of action, even though writings relating to indebtedness and promises may be copied in such petition.

2. **Instructions: VERDICT.**  Certain instructions are criticised as being in conflict with the terms of the writing on which they are founded and the verdict is condemned as being in conflict with the instructions and the writings.

Appeal from Jackson Circuit Court.—*Hon. E. P. Gates,* Judge.

REVERSED AND REMANDED (*with directions*).

*Kinley & Kinley* for appellant.

(1) The petition in this case did not authorize a recovery of a money judgment against the defendant, for the reason that no judgment was asked for the recovery of any sum of money, the only prayer being for a dissolution of a partnership, etc. Nor are such facts stated in the petition as to enable the defendant or the court to ascertain the amount demanded. R. S. 1899, sec. 592; Carter v. Shotwell, 42 Mo. App. 663; Miltenberg v. Morrison, 39 Mo. 71; Meyers v. Field, 37 Mo. 434. (2) The counterclaim set up by defendant in his answer was ignored by the jury in their verdict, and in this respect the verdict was not in accordance with the instructions. (3) The instructions given for plaintiff misdirected the jury as to the assessment of damages.

*Meservey, Pierce & German* for respondent.

(1) The petition is sufficient. (2) The decision of this court, on the former appeal, is *res adjudicata* as to this question. Chapman v. Railway, 146 Mo. 481; Eisenburg v. N. T. & L. H. Assn., 72 Mo. App. 513; Thompson v. Irwin, 76 Mo. App. 418. It is very easily determined from an examination of the whole petition just what relief plaintiff is entitled to. Liese v. Meyer, 143 Mo. 547; Gunnell v. Emerson, 80 Mo. App. 322. (3) Any informality in the verdict was waived by defendant, as he did not file a motion in arrest of judgment. Stone v. Taylor, 72 Mo. App. 482; Rothschild v. Lynch, 76 Mo. App. 339; Rothrock v. Lumber Co., 80 Mo. App. 510; Hopper v. Hopper, 84 Mo. App. 117. (4) The error complained of in plaintiff's instruction number 2 is not

sufficient to warrant a reversal. It is always to be presumed that the jury have read all of the instructions before arriving at a verdict. Voegeli v. Marble & Granite Co., 56 Mo. App. 678; Yocum v. Town of Trenton, 20 Mo. App. 489; Fischer v. Packing & Provision Co., 77 Mo. App. 108; Crawford v. Doppler, 120 Mo. 362; Thornberry v. Thompson, 18 Mo. App. 421; Keen v. Schweigler, 70 Mo. App. 409; Deweese v. The Merimac Iron Mining Co., 54 Mo. App. 476; and affirmed in the Supreme Court, 128 Mo. 423; The Single & Talcott Stone Co. v. Sinclair, 10 Mo. App. 593; Boller v. Cohen, 42 Mo. App. 97; Reilly v. Railroad, 94 Mo. 600; Harrington v. Sedalia, 98 Mo. 583; Shortel v. St. Joseph, 104 Mo. 114; O'Connell v. Railroad, 106 Mo. 482; Bradford v. Floyd, 80 Mo. 207; Ritchey v. Huntley, 73 Mo. App. 258; Wetzell v. Wagoner, 41 Mo. App. 509; McKeon v. Railway, 43 Mo. 405; Burdoin v. Trenton, 116 Mo. 358; Ephland v. Railway, 57 Mo. App. 147; Noble v. Blount, 77 Mo. 235; Schooler v. Schooler, 18 Mo. App. 69; Swafford v. Spratt, 93 Mo. App. 631; Fugate v. Miller, 109 Mo. 281; R. S. 1899, sec. 865; Orth v. Dorschlein, 82 Mo. 366; Burns v. City of Liberty, 131 Mo. 372; Schwacker v. Dempsey, 83 Mo. App. 342; Eddy v. Lafayette, 49 Fed. 807, affirmed by the United States Supreme Court. 16 Supreme Court Rep. 1082.

BROADDUS, J.—We gather from the record that prior to the first day of March, 1893, the plaintiff and defendant were partners as wholesale lumber merchants and that on said day the co-partnership was dissolved and the partnership matters adjusted. By the terms of the settlement defendant was to pay the plaintiff a certain sum, to pay all the outstanding debts of the concern and to succeed to all the rights and property of said partnership. At said settlement there were special agreements as to certain matters which gave rise to this suit. These agreements were two in number and were evidenced by writing as follows, viz.:

"Kansas City, Mo., March 1, 1893.

"George Swartz & Co. owe LaBelle Wagon Works of South Superior, Wisconsin, for freight on car No. 284. We estimate the amount to be $120. Having dissolved partnership, I receiving all moneys and paying all debts of the firm, I have received from A. P. Brewer his share of the above debt. (Signed)  George Swartz."

"Kansas City, Mo., March 1, 1893.

"I promise to pay on demand to A. P. Brewer, or his order, the half of all money received from unsettled accounts as soon as said accounts are adjusted and paid to me. An account against Farley & Loetscher Mfg. Co., Dubuque, Iowa, amounting to $237.80; and an account against Cloquet Lumber Company, Cloquet, Minnesota, amounting to $755.33; several small accounts against railroads for overcharge in weights and rates. There is also two checks out calling for $52.09. If not presented for payment on or before July 1, 1893; I will pay A. P. Brewer the one-third of them also, and A. P. Brewer pledging himself to pay the one-third if the checks should be presented for payment in the future. (Signed)  George Swartz."

As to the item in the first writing, the plaintiff claims substantially that the said LaBelle Wagon Works disclaimed any indebtedness to it upon the part of said firm, therefore, defendant did not pay it the $120 mentioned; wherefore the plaintiff is entitled to recover the one-half thereof from the defendant. The plaintiff then claims that the small accounts against railroad companies for overcharges in weight and rates, referred to in said second writing, amounted to $100, which the defendant has collected and failed to pay to plaintiff on demand. From all we can make out from the plaintiff's petition, the two items mentioned are the only ones in controversy.

It seems to have been the intention of the plaintiff to make his case one for a dissolution of the partnership, but this court decided on appeal that it was an action at law; that the partnership had already been dissolved and the partnership matters settled save those enumerated. Brewer v. Swartz, 83 Mo. App. 451. Instead of amending their pleadings so as to conform to the ruling of this court, the parties proceeded to trial upon them as they stood formerly, on account of which some confusion must have occurred at the trial, judging by the result.

The defendant objected to the introduction of any evidence under the petition because it did not state a cause of action, which objection was overruled. We think it should have been sustained, for there is not a single allegation therein that amounts to a claim of any indebtedness on the part of the defendant to the plaintiff or that defendant ever promised to pay him anything, or to do anything upon which a right could be founded. Plaintiff merely copies the writings mentioned in his petition which if eliminated would leave the judicial mind in total darkness as to a cause of action. But as the cause will be reversed for another reason, we will give the plaintiff the opportunity to amend his petition so that whatever rights he may have will not be lost to him.

The defendant contends, and justly, that the court committed error in giving instructions Nos. 1 and 2 on behalf of the plaintiff. The purport of both these instructions are that if the jury finds that defendant has collected any of the accounts mentioned in the writings, they will find for the plaintiff for such sums so collected less defendant's expense in time and money expended in collecting the same. This was error of the most obvious character, as the plaintiff by the terms of the writings was only entitled to one-half of the amount of the accounts so collected. But the plaintiff. claims that the amount of the verdict of the jury shows that it only allowed him one-half. How are we to know that such was the

Brewer v. Swartz.

case, for all that was at issue under the pleadings was the one-half of $120 and of $100, which would amount to $110, whereas the verdict is for $382.35, a sum much greater in excess than the sum of the two items with interest—and as the court by an instruction on behalf of defendant told the jury not to allow the plaintiff anything on the $120 item, the plaintiff's verdict legitimately could only amount to $50 and interest from date of suit, which latter was instituted in November, 1897. It is true, the defendant's answer was a kind of roving commission authorizing plaintiff to prove more than he claimed, and it is probable that other matters mentioned in said writing entered into the computation when the amount of the verdict was arrived at, but this is mere conjecture. But there is this excuse for the defendant: he was answering what the plaintiff conceived to be a declaration to dissolve and settle a partnership, and as the plaintiff did not amend his petition defendant consequently did not amend his answer.

The case is reversed and remanded with directions to allow the plaintiff to file an amended petition stating his cause of action, if he so elects, otherwise to dismiss the case. All concur.