L. D. MCGREGOR, *Plaintiff in Error,* vs. TAX COLLECTOR OF HILLSBOROUGH COUNTY AND STATE OF FLORIDA, to-wit: J. M. BURNETT, *Defendant in Error.*

141 So. 599.

En Banc.

Opinin filed May 11, 1932.

*L. D. McGregor,* for Plaintiff in Error;

*Sutton, Tillman & Reeves,* for Defendant in Error.

TERRELL, J.—This appeal is from a final decree dissolving a temporary restraining order, sustaining a demurrer to and dismissing a bill of complaint seeking to restrain the tax collector of Hillsborough County from accepting payment of poll taxes by mail and issuing his receipts therefor, transmitting such receipts by mail.

No charge of fraud or corruption is involved, the question of whether a registrant can pay his poll tax by mail or must he appear before the tax collector in person to perform that duty, being in this case, one purely of statutory construction.

Preliminary to the main question as thus stated, appellee, relying on Rickman vs. Whitehurst, 73 Fla. 152, 74 So. 205, contends that appellant does not have such an interest in the result as would entitle him to maintain this suit. In Rickman vs. Whitehurst, the complainant

sought to restrain the expenditure of certain public funds and it was there held, that to entitle him to litigate such a suit he must make a showing of peculiar injury to himself as a result of such expenditure.

We do not think Rickman vs. Whitehurst is in point with the case at bar. In that case the defendants were charged with illegally spending public funds while in the instant case neither fraud nor illegality is charged, but it is contended that the payment of poll taxes by mail is contrary to the intent and letter of the statute regulating such payments and will result in fraud being perpetrated by those permitted to pay in such manner.

Fraud not being directly charged it becomes unnecessary to discuss that question more than to state that in cases where fraud or other palpable violation of the registration or election laws is charged prior to an election any elector is entitled to his relief by injunction or such other appropriate remedy as is available to him under the law, but after the election has been held courts generally will consider only such charges of fraud and illegality as will result in a change of the result of the election. See State ex rel. Dos Amigos vs. Lehman, et al., 100 Fla. 1313, 131 So. 533.

The main question involved in this appeal turns on the interpretation of Sections 248 and 710 Revised General Statutes of 1920 (Sections 304 and 912 Compiled General Laws of 1927) as follows:

"Section 304. (248) The tax collector of each county shall in person or by deputy be present in his office from 9 A. M. to 1 P. M. and from 2 P. M. to 6 P. M. each day, Sundays excepted, for twenty days immediately preceding the second Saturday of the month preceding the day of any general or special election, for purpose of receiving all poll taxes properly tendered to him; and he shall as soon as practicable after receiving the same, give receipts therefor in due form of law, in which receipts shall be stated

the color and age of the elector and the number of the election district in which such elector or person paying such poll tax resides. The tax collector shall make a list of those who have paid their poll taxes in each year prior to the second Saturday of the month preceding the day in any year in which any general or special election shall be held and such list shall be alphabetically arranged. The tax collectors of the several counties of this State, within five days after the second Saturday in the month preceding the day in any year in which any general or special election shall be held, shall make a certified list in duplicate of all persons who have paid their poll taxes for the two years next preceding the year in which such election is held, prior to the second Saturday in the month preceding the day upon which such election shall be held; and one of said lists shall be delivered by the tax collector as soon as the same is completed to the supervisor of registration, to be filed in his office, and the other shall be forwarded to the Comptroller of the State of Florida, which he shall file in his office.''

''Section 912. (710) It is hereby made unlawful for any person or corporation in this State to pay the poll tax for any other person, or furnish the money to any other person for the purpose of paying such other or any other person's poll tax; or for any tax collector to accept the payment of poll taxes from any person other than the person whose poll tax is being paid, except that one person may pay the poll tax of another, provided the person paying such poll tax shall at the same time pay the taxes duly assessed and payable on property belonging to the person whose poll tax is being paid.''

Sections 5887 and 5903 Revised General Statutes of 1920 (Sections 8150 and 8167 Compiled General Laws of 1927) prescribe the penalty for the violation of these statutes and Section 246 Revised General Statutes of 1920 (Section 302 Compiled General Laws of 1927) prescribes the duty of the supervisor of registration with

reference to lists of electors furnished him by the tax collector as required by Section 248 Revised General Statutes, supra. All of these statutes are a part of the general and primary election machinery of the State.

Section 248 Revised General Statutes of 1920 was formerly Section twenty-three of Chapter 4329 Acts of 1895 as amended by Chapter 5246 Acts of 1903, which had for its general purpose the registration of electors in the various counties of the state and providing for general and special elections. It prescribes the days and hours of the day that the tax collector of each county must keep his office open for the purpose of receiving and paying poll taxes and issuing his receipt therefor, said receipt to contain the age, color, and number of the election district in which the elector paying the poll tax resides. It also defines the time in which it shall be done and requires the tax collector to make certified duplicate lists in alphabetical order of all persons paying their poll taxes, delivering one of said lists to the supervisor of registration and the other to the comptroller of the state.

Section 710 Revised General Statutes of 1920, was formerly Section one of Chapter 5928 Acts of 1909, and was designed to regulate the payment of poll taxes. Construed with Section 5887 Revised General Statutes of 1920, which defines the penalty for the violation of Section 710, these statutes in substance prohibit one person from paying the poll tax of another, or from furnishing the money for such purpose. They also prohibit the tax collector from accepting money for poll taxes other than the poll of the person paying the same, provided that any person offering to pay the poll tax of another may do so if he shall at the same time pay the personal and real property tax of the person whose poll tax he offers to pay. This statute was promulgated to stop an evil

prevalent at the time of certain candidates or those interested in the election of such candidates ascertaining the names of registrants who had not qualified to vote by paying their poll taxes and then going to the tax collector and purchasing the poll tax receipts of said registrants for the purpose of controlling their vote.

Nothing in the terms of either statute as analyzed can be considered a mandate as to formula or method of depositing money for poll taxes with the tax collector. These facts are settled, the payment of the poll must be in advance of issuing the receipt therefor, every registrant must pay his or her own poll except he pay the personal and real property tax of one he offers to pay the poll for, no person is permitted to furnish funds for the payment of the poll taxes of another, any person who permits this is equally guilty with the person whose poll is paid and the tax collector who receives it. The law does not prohibit a registrant from paying his poll taxes by check, draft, U. S. money order, or other device recognized as a medium of exchange, neither does it in terms prohibit him from transmitting funds to pay his poll taxes by U. S. Mail, express, telegraph message, or other legal means.

But plaintiff in error contends that if electors are permitted to transmit their poll taxes by U. S. Mail, express, telegraph message, or otherwise except in person, the door for fraud is thrown open, the ballot corrupted and its purity destroyed.

Certainly no more sacred duty devolves on the citizens of this country than that of seeing to the purity of the ballot and while every elector is clothed with an individual responsibility in this matter the primary responsibility for doing this is imposed on the supervisor of registration and the tax collector, Section 318 et seq. Revised General Statutes of 1920 (Section 375 et seq.

Compiled General Laws of 1927) and other statutes enumerated in this opinion. Under Section 318 et seq. Revised General Statutes it is made the duty of the supervisor of registration to satisfy himself that every person who offers for registration is a bona fide citizen entitled to register and become an elector. He also has every means placed at his command to satisfy himself of this fact and it is his duty to refuse to register those who do not meet the requirements. As to the payment of poll taxes, the tax collector is likewise armed under Sections 248, 710 and 5887 Revised General Statutes, and it is made his duty if not already satisfied to satisfy himself that every person who offers to pay a poll tax is paying his own poll with his own money and is otherwise qualified as an elector. Under our election scheme, the supervisor of registration and the tax collector are not mere inert puppets acting at the behest of those claiming to be electors, but they are vested with grave responsibilities. It is not only their right but it is their duty if not satisfied with the bona fides of any person who offers to register or pay a poll tax to require him or them to furnish satisfactory proof of that fact. In other words they must know as a fact that such person exists and is a potential voter. When these duties have been rigidly performed, the voting or poll lists cannot be otherwise than legal. The question of whether a husband can pay his wife's poll taxes is not raised or decided in this case.

Subject to reasonable requirements that may be imposed by the tax collector to prove its bona fides we think there can be no objection under the law as here quoted to any elector transmitting to the tax collector of Hillsborough County by U. S. Mail, Express, Telegraph message or other recognized means, funds for the payment of his or her poll taxes and that the tax col-

lector may issue and mail to such elector his poll tax receipt therefor. This view accords with the practical application of the law long given by the Attorney General and those whose duty it is to enforce it which adds to it strong persuasive force. State ex rel. Comfort vs. Leatherman, 99 Fla. 899, 128 So. 22. This interpretation also squares with the rule of reason. At the time the act was passed, counties were large, population was sparce, communication was poor, and in many instances, a journey to the county site was a labor of days fraught with untold hardships.

The judgment below is therefore affirmed.

Affirmed.

BUFORD, C.J., AND WHITFIELD, BROWN AND DAVIS, J.J., concur.

ELLIS, J., concurs specially.

ELLIS, J. (Concurring).—I agree that the complainant McGregor as a resident voter and tax payer in Hillsborough County has the right to maintain his suit in equity for an injunction to restrain the tax collector from violating the provisions of the statute relating to the reception by him or his deputy of "all poll taxes properly tendered to him" and the giving of receipts therefor in due form of law.

The bill in this case seeks an injunction to restrain the Tax Collector from "accepting as payment of poll tax any moneys received by him through the mails of the United States and that he also be restrained and enjoined from mailing out through the United States mail any poll tax certificates to any person whomsoever."

The basis of the above prayer is contained in the third paragraph of the bill. It is alleged that the Tax Collector, as such, "has been receiving through and by the United States mails money and checks for the payment of poll taxes in and for said Hillsborough County, State

of Florida'' and that he ''has been mailing out of his office poll tax receipts to various parties'' unknown to the complainant for the payment of ''supposed poll taxes by and through the United States mail service.''

The remainder of the bill consists of legal conclusions and argument by deduction which are perfectly sound in many features if the plain words and clear meaning of them as used in the statute are not to be ignored and frittered away by so-called construction.

Section 304 C. G. L. 1927 specifically and without the slightest ambiguity in meaning requires of the Tax Collector four duties. First, to be in his office at certain times in person or by deputy for the purpose of receiving poll taxes properly tendered to him; second, to give receipts therefor in due form of law in which receipts shall be stated the color and age of the elector and the number of the election district in which the person paying the tax resides; third, to make out a list of those who have paid poll taxes in each year to the second Saturday of the month preceding the day in any year in which any election shall be held and such list shall be alphabetically arranged; fourth, at a certain time to make a certified list in duplicate of all persons who have paid their poll taxes for two years next preceding, one of such lists to be delivered to the Supervisor of Registration and the other to be sent to the Comptroller.

The reason for the two latter requirements is perfectly obvious and needs no extended discussion in support of the desire for purity of elections and a check on the Tax Collector for Poll taxes received by him to support it. It is sufficient that the statute in perfectly plain language requires the two lists to be made. It is of no importance that the Tax Collector receives from the elector in person money of the United States in payment of poll taxes. The Collector is responsible in his official

capacity for the required amount in dollars of United States money for each poll tax receipt issued, but it is of the greatest importance that he shall issue receipts in due form of law and state therein the color and age of the elector and the number of the election district in which such elector resides.

That furnishes to the elector the evidence of the payment of his poll tax which is a prerequisite to his right to vote. That kind of receipt is the basis for the certified lists which the collector is required to make up for the authoritative lists which the Supervisor is required to make up for the inspectors at the election precincts. See Section 302 C. G. L. 1927.

Each and every requirement is deemed to be essential by the Legislature to secure the fairness of elections and to protect the citizen's right to the full force and effect of the exercise of his power of suffrage. There is no reason, theory or expediency that justifies a different method, order or rule. The statute requires it and that is sufficient argument why the Tax Collector must obey.

It is also clear that if the Tax Collector is issuing poll tax receipts in any form other than "due form of law" in which shall be stated the age and color of the elector and number of election precinct in which the person paying the tax resides then he is violating the law; his practice tends to corrupt the election machinery and the complainant tax payer and voter would be entitled to his injunction to restrain the collector from such practice.

But the bill in this case does not allege that the Tax Collector is actually doing any such thing. Only by argument, inference and inuendo is the charge made. It does not follow that if I send my check to the Tax Collector for the poll tax due by me he cannot issue a receipt therefor to me in which he is enabled by reason of

his acquaintance with me to state my age, color and election precinct in which I reside. To say that he cannot reasonably do that in all cases because there are many persons he does not know and he is therefore issuing tax receipts and omitting such statement is pure assumption and is not good pleading. Therefore I think the injunction was properly dissolved and the order should be affirmed.

WHITFIELD AND DAVIS, J.J., concur.