STATE OF FLORIDA, ex rel., CARY D. LANDIS, as Attorney General, *Relator*, vs. BEN D. THURSBY, THOMAS L. JACKSON, MILTON JONES, T. K. APGAR and DAVIS FORSTER as members of and constituting the Board of County Commissioners of Volusia County, Florida, *Respondents*.

144 So. 309.

Opinion filed November 3, 1932.

Petition for rehearing denied November 22, 1932.

*Hull, Landis & Whitehair* and *Francis P. Whitehair*, for Relator;

*W. J. Gardiner, Elmer R. Jones, Joseph A. Scarlett* and *Neill S. Jackson*, for Respondents.

PER CURIAM.—Alternative Writ of Mandamus issued to the respondents commanding them "to forthwith meet together and assemble and convene as the Board of County Commissioners of Volusia County, Florida, and thereupon immediately cause to be printed on the official ballots to be used in Volusia County, Florida, at the General Election to be held on November 8th, A. D. 1932, only the name of Dawson Brown, Jr., as a candidate for the office of County Commissioner from District No. 3, Volusia County, Florida, and to cause the said official ballots to be printed so that the name of Milton Jones will not appear or be printed thereon as a candidate for the office of County Commissioner from District No. 3, Volusia County, Florida, and to do and perform all other things incidental in carrying out and accomplishing the primary purpose of this writ;" or that they show cause, etc.

Respondents filed demurrer, motion to quash and return.

The record shows that the name of Dawson Brown, Jr., was the only name that had been certified to the Board of County Commissioners as a nominee or candidate for the office of County Commissioner from County Commissioners' District No. 3 of Volusia County, not more than sixty days nor less than twenty days previous to the day of election.

The record shows that the first certificate, demand or effort presented to the Board of County Commissioners of Volusia County seeking to get the name of Milton Jones printed on the General Election Ballots to be used in the General Election on November 8th, 1932, as the nominee of the Republican Party, was presented on October 22nd, 1932. That no action had theretofore been taken or pursued to accomplish this end. And the record further shows that the nomination, if any was made, by which Milton Jones became the nominee of the Republican Party did not occur until within twenty days of the date of the General Election.

Under this state of facts, it is the statutory duty of the Board of County Commissioners to cause the ballots to be used in the General Election in Volusia County to be held on November 8th, 1932, to be printed with only the name of Dawson Brown, Jr., printed thereon as a candidate for the office of County Commissioner for County Commissioners' District No. 3 of said County. See Section 1, Chapter 14657, Acts of 1931.

It becomes unnecessary to discuss any other question presented.

The motion to quash is denied; the demurrer is overruled and the return is held insufficient. The peremptory writ should issue.

It is so ordered.

BUFORD C.J. AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.

DAVIS, J., concurring.—Section 1 of Chapter 14657, Acts of 1931 is mandatory in its requirement that certificates of nomination, whether by primary or committee, must be filed with the Board of County Commissioners not less than twenty days before the General Election. The reason for this is obvious, since the ballot must be made up and printed in time for absentee voting to start fifteen days before the election. The record in this case shows that the respondent Board of County Commissioners so construed the law by making up the ticket in the first instance to contain only the nominees who had been certified within the legal time limit. The change that was made in making up the ballot, admittedly occurred after the twenty-day limitation had expired and after the County Commissioners had once fully discharged their functions in making up the ballots on the basis of the record as it stood on the day the twenty days ran out.

This Court has recently held that when invoked before an election is held, all provisions of the election law are to be regarded as mandatory and are to be regarded as enforceable by mandamus and otherwise at the instance of any individual elector, as well as the public officials, such as the Attorney General, who are charged with enforcement of these laws. See McGregor vs. Burnett, 141 Sou. Rep. 599.

I concur in the conclusion reached, solely on the ground that the attempted certification of the Republican Party nominee was made after the time limit for such certifications had run out. I am not prepared to say at this time that if this were not true, that the attempted certification could be attacked in this kind of proceeding against the County Commissioners alone, without bringing into the

case the Republican nominee and other parties in interest. TERRELL, J., concurs.