ORANGE COUNTY, a Political Subdivision of the State of Florida, *Appellant,* v. B. M. ROBINSON, individually and as Clerk of the Circuit Court of Orange County, Florida, *Appellee.*

149 So. 19.

Opinion filed May 26, 1933.

Opinion on Re-hearing filed June 21, 1933.

*Tilden & Hayes* and *W. H. Poe,* for Appellant.

*Knight, Thompson & Turner* and *Dickinson & Dickinson,* for Appellee.

PER CURIAM.—The bill of complaint herein prays for an accounting of the fees, salary, commissions, other revenues and operating expenses of the office of Clerk of the Circuit Court of Orange County for the period beginning May 2nd, 1923, and ending May 21st, 1927, and for a decree for the amount found to be due the county as contemplated by Chapter 9270, Acts of 1923, Laws of Florida. A demurrer to the bill was sustained, the bill was dismissed and this appeal is from that decree.

Chapter 9270, Acts of 1923, as amended by Chapter 11954, Acts of 1927, fixes a minimum compensation for all county offices including Clerk of the Circuit Court, and requires them to account to the county for all fees, commissions or other funds coming in their hands by virtue of their office. The primary question presented here is whether or not a county officer may now be compelled to account for fees and other funds collected by him as such between May 2nd, 1923, and May 21st, 1927, the date the acts as above referred to went into effect and may the county recover the net income from the office above the compensation allowed the officer by the Act of 1923, prior to the effective date of the Act of 1927.

The chancellor held that Chapter 11954, Acts of 1927, was a repeal *in toto* of Chapter 9270 and that consequently no report and accounting could now be had under the latter

Act.   This holding was erroneous.   Chapter 11954, Acts of 1927, as to its requirements for accounting, did not repeal but merely amended and superseded Chapter 9270, Acts of 1923.   Forbes v. Board of Health Escambia County, 27 Fla. 189, 9 So. 446; Fla. Cent. & P. R. Co. v. Foxworth, 41 Fla. 1, 25 So. 338; State *ex rel.* Buford v. Watkins, 88 Fla. 392, 102 So. 347; Perry v. Consolidated Special School District No. 4, Hillsborough County, 89 Fla. 271, 103 So. 639; State *ex rel.* Woodworth v. Amos, 98 Fla. 212, 123 So. 749; Algood v. Sloss-Sheffield Steel & Iron Co., 196 Ala. 500, 71 Sou. 724.   The latter Act required that an accounting be made every three months while the former Act required that it be made every six months for which purpose both Acts are now effective.   This holding is not in conflict with Flood v. State *ex rel.* Board of County Commissioners of Dade County, 100 Fla. 70, 129 So. 861, wherein we held that Chapter 11954, Acts of 1927, was a revision of the general subject matter of Chapter 9270, Acts of 1923, and was in effect a repeal of those provisions of the latter Act relating to compensation of county officers. In Flood v. State, *supra,* we reviewed the decisions and legislation affecting the compensation of county officers and it would seem conclusive from them that an accounting was required and the maximum amount any county officer could receive by virtue of his office was fixed by the Acts of 1923 and 1927.

We do not think, however, that such amounts as an accounting may show to be due the county above the compensation allowed under the Acts as referred to can be recovered by bill in equity as it would appear that a clear, adequate and complete remedy at law by suit at common law may be resorted to for that purpose.   Bellamy v. Hawkins, 16 Fla. 733; State *ex rel.* Duval County, et al. v. Brown, 100 Fla. 409, 129 So. 172.

The judgment below is, therefore, reversed in so far as it holds Chapter 11954, Acts of 1927, invalid, but otherwise it is affirmed.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

DAVIS, C. J., disqualified.

### On Re-hearing.

PER CURIAM.—On petition for re-hearing it is pointed out that this Court overlooked the passage of Chapter 14658, Acts of 1931, commonly known as the 1931 Chancery Act, which among other things provides that if at any time it appears that a suit commenced in equity should have been brought at law, it shall be forthwith transferred to the law court of competent jurisdiction and be there proceeded with, with only such alteration in the pleadings as shall be essential.

In our former opinion we held that the Circuit Court erred in holding that a cause of action did not exist under the allegations of the bill, but that the order sustaining the demurrer was correct because the action would have been commenced at law and not by bill in equity, there being a complete remedy at law. The 1931 Chancery Act was in effect at the time the order of the Circuit Court sustaining the demurrer was made. This being true the court below should have made an order transferring the cause to the law side of the docket of the court. In other words a cause was commenced in equity that should have been commenced in law.

For the purpose prayed, a re-hearing is granted and the judgment of this Court is amended to read that the decree of the Circuit Court be reversed insofar as it dismisses the bill, and the cause is remanded with directions to the Circuit Court to transfer the cause to the law court of competent

jurisdiction, there to allow such alterations of the pleadings as shall be essential and for further proceedings as the parties may be advised.

It is so ordered.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

DAVIS, C. J., disqualified.