HILLSBOROUGH COUNTY v. W. A. DICKENSON, *et al.*

169 So. 734

Opinion Filed January 2, 1935.

On Rehearing August 4, 1936.

182

*John B. Sutton,* and *Henry C. Tillman,* for Appellant; *W. B. Dickenson,* and *Edwin R. Dickenson,* for Appellees.

PER CURIAM.—The bill of complaint herein contains allegations which if duly proven would sustain orders and decrees for equitable relief appropriate to the issues that may be made and determined in due course, therefore the decree appealed from, entered June 28, 1933, sustaining demurrers to the bill of complaint, is reversed and the cause is remanded for further proceedings.

It is so ordered.

WHITFIELD, C. J., ELLIS, TERRELL, BROWN, and BUFORD, J. J., concur.

DAVIS, C. J.. disqualified.

## ON REHEARING

TERRELL, J.—This suit was brought in equity by the Board of County Commissioners of Hillsborough County against appellees to recover $35,632.76 in excess · fees and $3,292.00 for recording plats alleged to have been collected and unaccounted for during his incumbency as Clerk of the Circuit Court of appellant county during the years 1925 to 1929 inclusive. The bill of complaint prays for accounting, discovery, injunction, the appointment of a receiver and sequestrator, and to impress a trust on all property found to have been purchased with the fees alleged not to have been reported.

A demurrer to the bill was sustained on the theory that complainants had an adequate remedy at law. The bill was later dismissed. On appeal to this Court the judgment below was reversed by Per Curiam order without opinion on the theory that the bill contained equity. A rehearing was granted, the case was reargued, and it is now before us for review on the merits.

Counsel are at variance as to just what questions are presented by the record. Appellants contend that the cause is one of equitable cognizance and should be prosecuted in a court of equity but that if this contention is not upheld then it should be transferred to the law court as authorized by Chapter 14658, Acts of 1931, while appellees contend that under the facts alleged it is essentially a creditor's bill requiring the institution of an action at law as a prerequisite to maintain it and since this is not shown

to have been done and demurrers have been sustained to the bill of complaint it cannot now be transferred to the law side of the docket.

In sustaining the demurrer to the bill of complaint the trial court grounded his judgment on Orange County v. Robinson, 110 Fla. 318, 149 So. 19, wherein we held that any amount due by a Clerk of the Court to the county for fees collected and held by him above his statutory compensation cannot be recovered in equity, there being an adequate remedy at law in such cases.

Appellants contend that the case of Orange County v. Robinson, supra, does not rule this case because we have involved here the concealment, commingling, and investment of a trust fund, prayer for an injunction, for receiver, and for an equitable lien on certain assets purchased with the trust fund alleged to have been withheld.

The rule is settled in this state that equity will not take jurisdiction in a cause if the remedy at law is full, adequate, and complete; but where the remedy at law is not full, complete, and adequate, or when relief is doubtful, and a more ample and appropriate remedy may be thereby afforded, equity will take cognizance, and give relief if it can be done in accordance with recognized principles of chancery jurisprudence. McNabb v. Tampa & St. Petersburg Land Co., 78 Fla. 149, 83 So. 90.

We are then, first confronted with the question of whether this is an equitable or a law controversy. As stated in the outset, the primary purpose is to recover $35,632.76 in excess fees and $3,292.00 for recording plats alleged to have been collected and not reported by appellee while he was Clerk of the Circuit Court of Hillsborough County in 1925 to 1929 inclusive. It is also alleged that appellee does not have property sufficient to make him

amenable to a judgment for this amount and that Julia I. Dickinson, his daughter, owns real estate, mortgages, stocks, and bonds, which were paid for with money furnished by appellee and the bill seeks to reach this property to satisfy the county's claim.

Under such a state of facts Orange County v. Robinson may be considered as authority to support the contention that an action at law is the proper remedy to recover the amount alleged to be due the county in excess fees and for recording plats collected and not reported by appellee. It is quite true that property alleged to be held in trust by Julia I. Dickenson and paid for with money furnished her by W. A. Dickenson may not be reached by an action at law but it can be subjected to pay the common law judgment by a creditor's bill. The very essence of this cause is to establish the amount of the claim alleged to be due and such claims can only be established by an action at law. The subjection of the alleged trust fund is another and different matter that must be proceeded against in equity.

The original concept of a creditor's bill was a suit in equity brought by the creditors of a deceased person for the administration of his estate or by creditors and claimants of a trust fund for the distribution of that fund. A like name has also been applied to proceedings by creditors to set aside a fraudulent conveyance or to remove encumbrances hindering an execution at law. As now applied a creditor's bill is one brought by a creditor who has secured a judgment at law, and who has in vain attempted to satisfy it at law but after finding he cannot do so sues in equity for the purpose of subjecting property of the debtor to the payment of his judgment which cannot be so subjected by execution at law. The nature, purpose, and scope of a creditor's bill is to bring into exercise the equitable

powers of the Court to enforce the satisfaction of a judgment by means of an equitable execution, because execution at law cannot be enforced. It is in the nature of an equitable execution, or equitable relief, which is granted solely on the ground that there is no remedy at law. Creditor's bills originated in the ineffectiveness of legal execution and were designed to aid creditors who having exhausted their legal remedy, still remain with their debts unsatisfied, in reaching property of their debtors not reachable by ordinary legal process. Armour Fertl. Works v. First Natl. Bank of Brooksville, 87 Fla. 436, 100 So. 362; 8 R. C. L. 2.

Formerly a judgment at law was a necessary prerequisite to bringing a creditor's bill under Section 3229, Revised General Statutes of 1920, Section 5035, Compiled General Laws of 1927, it may be filed in a court of equity before the claims of the one filing it have been reduced to judgment, but it cannot be entertained by the court unless the complainants have first instituted suits in the proper courts at law for collecting their claims, and no final decree shall be entered upon the creditor's bill until the claims shall have been reduced to judgment.

The main purpose of a creditor's bill being in aid of creditors who have exhausted their legal remedies, a judgment creditor who has done this may pursue in a court of equity any equitable interest, trust, or demand of his debtor, in whosesoever hands it may be found. Dargan v. Waring, 11 Ala. 988, 46 Am. Dec. 234; Candler v. Pettit, 1 Paige (N. Y.) 168. Lands or personal property in which a debtor has an equitable estate or interest, the legal title being in another, may be reached by a creditor's bill. Hall v. Anderson, 114 Ala. 601, 21 So. 1020; 8 R. C. L. 6, citing many cases. The rule is general that a debtor's interest in a

trust fund created either by himself or another may be reached to satisfy a judgment against him by a creditor's bill. 8 R. C. L. 7, 8, and 9. A like rule applies to a resulting or a constructive trust. 8 R. C.L.10.

From the law and the facts as thus detailed, it follows that we have in this case every element of a creditor's bill. In fact this appears to be a typical case for the application of a creditor's bill if preceded by an unsatisfied common law judgment. There was a debt alleged to be due that the law affords ample relief to establish, the exact amount of the debt is stated, the debtor is alleged to be insolvent and to have placed property in the hands of a third party, his daughter, which he paid for with the money claimed to be due, and which can be subjected by creditor's bill to the payment of the common law judgment when secured.

We have examined the cases relied on by appellant but they grew out of situations in which the recovery of subjection of a trust fund taken fraudulently or by other improper means was the primary question involved. In the case at bar the primary question was to reduce the claim to judgment by action at law; reaching the trust fund was only incidental. If the common law judgment is satisfied there would be no occasion to subject the trust fund, if not satisfied a creditor's bill will reach it (the trust fund).

Having reached this conclusion, should the case now be transferred to the Law court for appropriate proceedings? On Petition for Rehearing in Orange County v. Robinson, *supra,* we were confronted with an appeal from an order sustaining a demurrer to the bill of complaint and dismissing the bill in a cause seeking similar relief as in this. On Petition for Rehearing we amended the judgment insofar as it affirmed the dismissal of the bill and remanded the

cause with directions to the Circuit Court to transfer it to the law court of competent jurisdiction, there to allow such alteration of the pleadings as the parties may be advised.

We are mindful of the contention of appellees to the effect that when a demurrer to a bill has been sustained and plaintiff declines to plead further final judgment for the defendant is the proper procedure but this rule does not cut off one's right who institutes his cause in the wrong court. If the court finds this to be the case, under the 1931 Chancery Act, Chapter 14658, Laws of Florida, he is authorized to transfer it to the proper court.

Insofar as the judgment below sustained the demurrer to the bill it is affirmed on rehearing but insofar as it dismissed the bill it is reversed and ordered remanded with directions to transfer it to the law court of competent jurisdiction, there to allow much alteration of the pleadings as the parties may be advised. Orange County v. Robinson, *supra*. When transferred and the pleadings amended it becomes a common law action to recover judgment for the amount shown to be due. If necessary to do so the judgment secured may be satisfied by creditor's bill in the manner detailed in this opinion.

It follows that on rehearing our former judgment of reversal is rescinded and the judgment below is reversed in part and affirmed in part.

If this disposition we have not overlooked the fact that the 1931 Chancery Act did not become effective until October 1, 1931, though the bill of complaint was filed herein May 8, 1931. While this is true the cause had proceeded only to demurrer before October 1, 1931, and that was amended subsequent to the latter date. Every step in the cause except filing the bill took place after the effective

date of the 1931 Chancery Act, Section Seventy-seven of which makes it applicable to this case, there being no suggestion of injustice to either party in doing so.

Reversed in part, affirmed in part.

WHITFIELD, C. J., and ELLIS and BUFORD, J. J., concur.

BROWN, J., dissents.

DAVIS, J., disqualified.