GEORGE D. HOWELL, *et ux.,* GLADYS I. HOWELL, GERALD D. HOWELL, a Minor, and AUSTIN LEVERNE HOWELL, a Minor, v. H. W. BENNETT.

192 So. 409
Special Division B
Opinion Filed December 5, 1939

*H. H. McDonald* and *Parks M. Carmichael,* for Appellants;

*A. H. Rothstein,* for Appellee.

PER CURIAM.—Complainant below, appellee here, filed his bill in 1936 against George D. Howell, his wife and minor sons, alleging that complainant had filed suit at law in the Civil Court of Record for Duval County to collect on certain notes paid by him, wherein Howell was the maker and complainant was an accommodation indorser; that Howell was the equitable owner of certain lands situated in Alachua County when he executed these notes; that the legal title thereto had theretofore been placed in the names of his minor sons for the purpose of perpetrating a fraud upon future creditors and to hinder them in collecting their just debts; that this defendant does not have any other property out of which the judgment may be satisfied. The bill ended with a prayer that the court decree George D. Howell to be the owner of said lands and allow the complainant satisfaction of his judgment therefrom.

Upon motion to dismiss being overruled, answer was

filed and subsequently testimony was taken. A final decree was entered for complainant, the property was sold by order of court, and the sale was confirmed.

The testimony of the complainant discloses that he could not find other property, belonging to the defendant Howell, out of which his judgment could be satisfied. The defendant, in his sworn answer to propounded interrogatories, had stated that he had no other assets out of which the judgment could be satisfied.

This appeal is taken by the defendants Howell and they assign as error the order of the court overruling their motion to dismiss the entry of the final decree and the order confirming the sale.

Appellants recite some eight questions of law as being involved in this appeal but confine their argument to a single principle of law, namely the propriety of a creditor's bill when the bill shows only an equitable title in the judgment debtor and there is nothing therein to show a return *nulla bona* on the writ of execution issued on the judgment recovered in the law court.

In response to the contention of the appellants that the motion to dismiss should have been granted because the bill did not show a judgment with execution returned *nulla bona,* we quote from the case of Hillsborough County v. Dickinson, 125 Fla. 181, 186, 169 South. Rep. 734, 736:

"Formerly a judgment at law was a necessary prerequisite to bringing a creditor's bill (but) under Section 3229, Revised General Statutes of 1920, Section 5035, Compiled General Laws of 1927, it may be filed in a court of equity before the claims of the one filing it have been reduced to judgment, but it cannot be entertained by the court unless the complainants have first instituted suits in the proper

courts at law for collecting their claims, and no final decree shall be entered upon the creditor's bill until the claims shall have been reduced to judgment.

The bill in this case clearly shows that a suit had been instituted by the complainant to reduce his claim to a judgment, and, therefore, the motion to dismiss was properly overruled.

The appellants further contend that it was error to allow satisfaction out of this property in the absence of a return, *nulla bona,* on the judgment obtained in the court of law.

Ordinarily a creditor can resort to equity, in pursuit of an equitable asset, only after exhausting all available legal remedies (Robinson, *et al.,* v. The Springfield Co., 21 Fla. 203), but, where the debtor's estate is an equitable one, incapable of being reached by any legal process, the creditor may have immediate access to the relief afforded in courts of chancery without the necessity of a *nulla bona* return upon the judgment already obtained at law. First State Bank of Clermont v. Fitch, *et ux.,* 105 Fla. 453, 141 South. Rep. 299.

In the instant case, the defendant Howell admitted that he had no other property out of which the judgment could be satisfied; therefore, a return *nulla bona* would have been a needless formality, not required by the law.

The orders and decrees appealed from are—

Affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as au-

thorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

BROWN, J. (concurring).—It appears that appellant George D. Howell represented himself as the owner of this property when the debt was incurred.