COBB, Judge.
Jerry Allender appeals from a final summary judgment in favor of First Federal Savings & Loan Association. The trial court ordered that a deficiency judgment held by the Savings & Loan against Bryan *1227 Gordon, Jr., from a separate case, is a valid lien against two parcels of specifically described property, superior to any interest of Allender or Gordon. The Brevard County Sheriff was ordered to levy upon and sell the property to satisfy the lien of the Savings & Loan.
According to the record, Gordon transferred the property to Allender, as trustee, by deeds dated February 13, 1974 and January 29, 1976.[1] According to Allender’s deposition, he received oral notification of an assignment by Gordon of his interest in the property sometime in 1975 or early 1976. There is a document from Gordon dated January 30, 1976, assigning to AMS, Inc., all of Gordon’s interest in the property and giving authority to transfer the ownership of the property to AMS, Inc., as of September 15, 1975. The Savings and Loan’s original deficiency judgment against Gordon is dated January 25, 1977. There are no allegations in the complaint, nor does the record reveal that a certified copy of this deficiency judgment was recorded. After the Savings and Loan filed the present action and a lis pendens, Allender received the written assignment and executed a quitclaim deed of the property to AMS, Inc.
In his first point on appeal, appellant argues that imposition of a section 55.10, Florida Statutes (1979), lien is improper absent a showing that a certified copy of the judgment was filed in the public records as required by section 55.10(1). Smith v. Venus Condominium Ass’n, Inc., 352 So.2d 1169 (Fla.1978). The Savings and Loan notes that this issue was raised for the first time on appeal and that section 55.10 is inapplicable since this action is in the nature of a creditor’s bill and not an attempt to impose a statutory lien. Since we must reverse and remand on the second point, appellant will have the opportunity to raise the issue of the sufficiency of the complaint as a creditor’s bill before the trial court; and the trial court will have the first chance[2] to rule on the application of the requirement of a showing of exhaustion of legal remedies[3] or the exceptions where equity has exclusive jurisdiction.[4]
As to appellant’s second point, we agree that the record shows material questions of fact which preclude summary judgment,[5] concerning the validity and effectiveness of the deeds from Gordon to Allen-der, as trustee, as well as the assignment with directions to transfer Gordon’s beneficial interest in the property, which may have predated entry of the deficiency judgment. As a matter of law, the purported assignment does not appear invalid on its face. A beneficial interest is assignable, Preston v. City Nat. Bank of Miami, 294 So.2d 11 (Fla.3d DCA 1974), and the assignment meets the witness requirements of section 689.01, Florida Statutes (1979). Even if the assignment were invalid, we find no basis in this record for disregarding the deeds from Gordon to Allender which predated the deficiency judgment, and the deeds from Allender to AMS, Inc. (although subsequent to the lis pendens). The complaint does not allege fraudulent conveyance to defeat the rights of creditors, which, once properly pleaded and proved, might support the result reached by the *1228 trial court. Accordingly, the summary final judgment is reversed and the cause remanded for proceedings consistent with this opinion.
REVERSED and REMANDED.
DAUKSCH, C. J., and FRANK D. UP-CHURCH, Jr., J., concur.

. The January 29, 1976 deed has an attached schedule which states “AS A RESULT OF A DISSOLUTION OF MARRIAGE BETWEEN DOROTHY C. GORDON AND BRYAN GORDON, JR., THIS DEED IS GIVEN PURSUANT TO THE PROPERTY SETTLEMENT AGREEMENT BETWEEN THE PARTIES.”

. Except for fundamental error, issues must be tried before the trial court and matters raised for the first time on appeal will not be considered. E. g., Hartley v. Florida E. Coast Ry. Co., 339 So.2d 630 (Fla. 1976); Jaruagua Enterprises, Inc. v. Dom, Inc., 339 So.2d 702 (Fla.3d DCA 1976); J. E. Morton v. Rifai, 339 So.2d 707 (Fla. 1st DCA 1976).

. See generally Robinson v. Springfield Co., 21 Fla. 203 (1885); 13 Fla.Jur.2d Creditor’s Rights §§ 280, 287 (1979).

. See First State Bank v. Fitch, 105 Fla. 435, 141 So. 299 (1932); Clafin v. Ambrose, 37 Fla. 78, 19 So. 628 (1896); 13 Fla.Jur.2d Creditors’ Rights § 289 (1979); see also Hillsborough County v. Dickenson, 125 Fla. 181, 169 So. 734 (1936); First Nat. Bank of Chipley v. Peel, 107 Fla. 413, 145 So. 177 (1933); Macfarlane v. Dorsey, 49 Fla. 341, 38 So. 512 (1905); 19 Fla.Jur. Judgments and Decrees § 196 (1958).

. Holl v. Talcott, 191 So.2d 40 (Fla.1966).