ARMOUR FERTILIZER WORKS, A CORPORATION, *Appellant*, v. FIRST NATIONAL BANK OF BROOKSVILLE, A CORPORATION, PETTEWAY LAND COMPANY, A CORPORATION, AND G. C. SHULER AND PETTEWAY LAND COMPANY, CO-PARTNERS UNDER THE NAME OF TOOKE LAKE NAVAL STORES COMPANY, *Appellees*.

Opinion Filed May 7, 1924.

This case was decided by Division B.

1. A creditor's bill is one brought by a creditor who has secured judgment at law and has in vain attempted at law to obtain satisfaction, and who sues in equity for the purpose of reaching property which cannot be reached by execution at law.

2. The nature, purpose and scope of a creditor's bill is to bring into exercise the equitable powers of the court to enforce the satisfaction of a judgment by means of an equitable execution because execution at law cannot be had.

3. The prevailing rule seems to be that before a creditor can resort to his remedy by creditor's bill he must first secure judgment at law and exhaust all means afforded by law to recover on such judgment.

4. The rule as above stated was effective here prior to the enactment of Section 3229, Revised General Statutes of Florida, 1920, which relaxed the rule by providing that a creditor's bill may be filed *before* the claim or claims have been reduced to judgment, but unless complainants have first instituted suit for that purpose the creditor's bill cannot be entertained.

5. If the bill of complaint had been a legal basis for a creditors' bill, and in addition thereto sufficient showing had been made, it would have been proper for the court to appoint a receiver to take charge of and hold the property involved until final determination of the cause.

6. The power to appoint a receiver is one inherent in a court of equity. It is a matter of discretion and not one of right and as a rule is an ancillary remedy. Except in rare and unusual instances it cannot be maintained in an action instituted alone for that purpose.

7. It is axiomatic that consent of the parties to the litigation cannot confer power or authority on a court to appoint a receiver in a case where the pleadings do not state a cause for such appointment.

8. Mere insolvency of the defendant unless made so by statute or coupled with some other reason, will not warrant, the appointment of a receiver. And there is no authority in this State as we find in many states which authorizes solely the appointment of a receiver at the instance of creditors to take charge of and wind up the affairs of an insolvent corporation.

An Appeal from the Circuit Court for Hernando County; W. S. Bullock, Judge.

Decree reversed.

D. *Niel Ferguson* and *Evans & Mershon,* for Appellant;

F. B. *Coogler,* for Appellees.

TERREL, J.—The First National Bank of Brooksville, Florida, filed its bill against Petteway Land Company, a corporation, and Petteway Land Company and G. C. Schuler, Co-partners doing business as Tooke Lake Naval Stores Company, praying for the appointment of a receiver to take charge of the assets of the said defendants and preserve them for the best interests of all concerned until the further order of the Court. The only ground urged for appointment of a receiver is insolvency on the

part of defendants and deterioration of their assets. The bill was filed May 12, 1922, and on the same day the defendants filed their answer admitting the allegations of the bill and expressing their consent to the appointment of a reciever. On the date bill and answer were filed the court made his order "treating the same as a bill in the nature of a creditor's bill", and appointed Charles M. Price of Brooksville to be receiver of and to take charge of all the property of defendants and to manage and control said property under order of the court, January 30, 1923, on application of the receiver the court ordered a private sale of all the assets of defendants for a sum not less than $3,000 cash, the purchaser to assume and become responsible for all secured claims against defendants, said secured claims amounting to $13,400, with accrued interest. Pursuant to the terms of and on the same day sale was ordered, the receiver reported a sale of said assets to E. J. Willis which sale was promtly confirmed by the court, and deed ordered executed by the receiver in favor of said E. J. Willis.

February 3, 1923, Armour Fertilizer Works, one of the creditors of defendants, filed and served notice on complainant and defendants that it would on February 10, 1923, or as soon thereafter as could be heard, apply to the court for "an order vacating and setting aside" the order confirming said sale. February 21, 1923, Armour Fertilizer Works presented to the Court its petition for leave to intervene and become a party defendant and "file such pleadings as it may be advised". On the date presented the court made its order granting the petition to intervene "for the purpose of contesting and moving to restrict order of February 21st, 1923," same being the order confirming sale.

February 21, 1923, Armour Fertilizer Works presented to the court and asked leave to file a motion to vacate the order appointing the receiver, but the court entered his order refusing to allow said petition to be filed. February 21, 1923, Armour Fertilizer Works presented to the court and asked leave to file a demurrer to the bill of complaint, but the court entered his order refusing to allow said demurrer to be filed. On the said last named date Armour Fertilizer Works presented its petition to the court to set aside the sale by the reciver to E. J. Willis, which petition was considered by the court and denied. The order of denial appearing to have been made May 1st, 1923, and entered as of February 21, 1923.

From the foregoing decrees denying the petition to intervene except for the purpose of moving to vacate the sale of the receiver, and for no other purpose, refusing to consider the motion to vacate the appointment of the receiver and hear argument thereon, refusing to consider the demurrer to the bill of complaint and allow argument thereon and denying the petition to set aside the sale by the receiver to E. J. Willis, Armour Fertilizer Works prosecutes this appeal in its behalf against the complainant and defendants in the original bill.

Six errors are assigned, the firt, second and third of which are predicated on the order of the Chancellor granting the petition of appellant to intervene solely for the purpose of moving to vacate the sale by the receiver, refusing to consider the motion of appellant to vacate the appointment of the receiver, and refusing to consider the demurrer of appellant to the original bill of complaint.

The bill of complaint alleges that defendants are insolvent, that they have assets amounting to $39,100.00 and liabilities amounting to $31,921.03, said assets being in land, stock and farming implements, and liabilities being

in debts due to some sixty or more persons, most of which are unsecured and past due; that complainant is one of the unsecured creditors, that it is not advisable to dispose of the assets of complainant at this time, that there is no dispute as to the sum of the liabilities, and that they are deteriorating in value very fast. It appears from the bill that no suits have been brought against defendants by any of the creditors, and the appointment of a receiver to take charge of and manage the assets under direction of the court is the only relief prayed for.

Under this statement of facts, was the court warranted in treating the bill and answer as a bill in the nature of a creditors' bill and appointing the receiver, and should the appointment have been vacated on the motion of appellant here?

Bills brought by creditors of estates of deceased persons for the purpose of administering the estate are denominated in the English Chancery and in some of the courts of this country as Creditors Bills. Such bills have also been used for the purpose of distributing a trust fund or the proceeds thereof, to set aside fraudulent conveyances or remove encumbrances interfering with an exception at law and have been resorted to by creditors of insolvent corporations. In its more general application, however, a creditors bill is one brought by a creditor who has secured judgment at law and has in vain attempted at law to obtain satisfaction, and who sues in equity for the purpose of reaching property which cannot be reached by execution at law. The nature, purpose and scope of such a bill is to bring into exercise the equitable powers of the court to enforce the satisfaction of a judgment by means of an equitable execution because execution at law cannot be had. Petttibone v. Toledo C. & St. L. R. Co., 148 Mass. 411, 19 N. E. Rep. 337; Venable v. Rickenberg, 152 Mass.

64, 24 N. E. Rep. 1083; Raymond v. Blancgrass, 36 Mont. 449, 93 Pac. Rep. 648; Bay State Iron Co. v. Goodall, 39 N. H. 223, 75 Am. Dec. 219; Candler v. Pettit, 1 Paige Ch. (N. Y.) 168, 19 Am. Dec. 399; Hancock v. Wooten, 107 N. C. 9, 12 S. E. Rep. 199; Miller v. Malone, 11 Okla. 241, 67 Pac. Rep. 479; Williams v. Commercial Nat. Bank, 49 Ore. 492, 90 Pac. Rep. 1012, 91 Pac. Rep. 443; Gilbert v. Stockton, 81 Wis. 602, 51 N. W. Rep. 1076. 52 N. W. Rep. 1045; Note 23 L. R. A. (N. S.) 1, text 7; 8 R. C. L. p. 2.

The prevailing rule seems to be that before a creditor can resort to his remedy by creditors bill he must first secure judgment at law and exhaust all means afforded by the law to recover on such judgment. Scott v. Neely, 140 U. S. 106, 11 Sup. Ct. Rep. 712; Taylor v. Bowker, 111 U. S. 110, 4 Sup. Ct. Rep. 397; Newman v. Willetts, 52 Ill. 98; Lawson v. Grubb, 44 Ga. 466.

While our statutes have not attempted to define the term creditor's bill, the rule as above stated was undoubtedly effective here prior to the enactment of Section 3229 Revised·General Statutes of Florida, 1920, which had the effect of relaxing the rule in this State, and is as follows: "Creditors" Bills.—May be filed in the courts of this State, having chancery jurisdiction, *before* the claims of indebtedness of the persons filing the same shall have been reduced to judgment, but no such bill *shall* be entertained by such court, *unless* the complainants therein shall have *first* instituted suits in the proper courts at law for the collection of their claims; and no final decree shall be entered upon such creditors' bill until such claims shall have been reduced to judgment."

Section 3229, Revised General Statutes, was originally Section 1 of Chapter 5137 Acts of 1903, the title of which was as follows: "An Act Authorizing the filing of Creditors' Bills *before* the Creditors' Claims Shall Have Been

Reduced to Judgment.'' On reading the title and the Act as above, the conclusion seems inescapable that the Legislature intended that in this State a creditors' bill might be filed *before* a creditors' claim is reduced to judgment, but suit *must* have been brought for that purpose before such bill can be entertained, and no final decree shall be entered on the creditors' bill until the creditors' claim shall have been reduced to judgment.

The bill of complaint in the instant case does not show that complainant's claim has been reduced to judgment or that suit has been instituted for that purpose, or in fact that any steps have been taken to secure such relief as the law affords. This being true, the showing required by Section 3229, Revised General Statutes, is not made to appear. If the bill of complaint had been a legal basis for a creditors' bill, and in addition thereto sufficient showing had been made, it would have been proper for the court to appoint a receiver to take charge of and hold the property involved until final determination of the cause.

Appellee contends that the bill of complaint is not a creditors' bill, and was not so treated by the court. The words of the court in his order appointing a receiver, dated May 12, 1922, clearly settles this question contrary to the contention of appellees.

On the question of receivership in general it is timely to state in this connection that the power to appoint a receiver is one inherent in a court of equity, that it is a matter of discretion and not one of right, that as a rule the remedy is ancillary, and except in rare and unusual instances cannot be maintained in an action instituted alone for that purpose. State v. Union Nat. Bank, 145 Ind. 537, 44 N. E. Rep. 585; State *ex rel.* Merriam v. Ross, 122 Mo. 435, 25 S. W. Rep. 947; Slover v. Coal Creek Coal Co. 113 Tenn. 421, 82 S. W. Rep. 1131; Hartnett v.

St. Louis Min. & Mill. Co., 51 Mont. 395, 153 Pac. Rep.
437; Price v. Bankers' Trust Co. of St. Louis, (Mo.) 178
S. W. Rep. 745; 1 Tardy's Smith on Receivers p. 52. For
the exceptions to the rule here stated, see Note 4 Ann.
Cas. 67; 1 Tardy's Smith on Receivers par. 14, p. 50, and
such as are defined by statute.

It is axiomatic that consent of the parties to the liti-
gation cannot confer power or authority on a court to
appoint a receiver in a case where the pleadings do not
state a cause for such appointment. Elliot v. Superior
Court of State of California in and for San Bernardino
County, 168 Cal. 727, 145 Pac. Rep. 101; Vila v. Grand
Island Electric Light etc. Co., 68 Neb. 222, 97 N. W. 613,
4 Ann. Cas. 59, 63 L. R. A. 791. Mere insolvency of the
defendant unless made so by statute or coupled with some
other reason, will not warrant the appointment of a re-
ceiver. And there is no authority in this State as we find
in many states which authorizes solely the appointment of
a receiver at the instance of creditors to take charge of
and wind up the affairs of an insolvent corporation. Blum
v. Rowe, 98 Wash. 683, 168 Pac. Rep. 781, L. R. A. 1918
C 630.

Under all the facts presented by the record we are not
therefore prepared to say that the election of the court
to treat the pleadings as a bill in the nature of a creditors'
bill instead of a plain receivership did not present the
best means of dispatching a difficult situation both as to
law and good business. If however the means by cred-
itors' bill are to be employed in working out propositions
like the one presented here, the plain specifications of the
controlling statute must be observed. Such statutes are
not always in line with practical business methods, and in
many instances they may actually work a hardship on

litigants; but even if this be true the courts are authorized to construe, and cannot depart from or modify them.

Appellees charge the appellant with laches in that the bill was filed and receiver appointed May 12, 1922, while the petition to intervene was not filed till February 21, 1923. It is true that the record shows these facts to be true, but it also shows that the application for and the order authorizing and confirming the sale were all made January 30, 1923, that appellant served notice February 3, 1923, that it would apply on February 10, or as soon thereafter as could be heard, for an order vacating and setting aside the order confirming the sale, and that the said application together with petition to intervene were actually submitted to the court February 21, 1923. On the whole we think these facts made a showing of reasonable diligence on the part of appellant.

For the reasons announced in this opinion the petition to intervene should have been granted without restriction. The decree of the Circuit Court is in consequence reversed, and the cause remanded.

WHITFIELD, P. J., AND WEST, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.