HELEN M. BEAN and GEORGE W. BEAN, her husband, *Appellants, vs.* FIRST NATIONAL BANK OF CLEARWATER, a corporation, *Appellee.*

135 So. 803.

Division A.
Opinion filed July 7, 1931.

*Gage & Polhill* and *S. E. Simmons,* for Appellants;
*McMullen & McMullen,* for Appellee.

BUFORD, C.J.—Appellee was complainant in the court below, filing a creditor's bill against the appellants seeking to cancel certain conveyances made by the appellants as it was alleged in the bill of complaint, in fraud of creditors. Prior to the institution of this suit complainants as plaintiffs in a law action had instituted a suit by attachment against the defendant George W. Bean, a non-resident, and in the attachment had procured personal service on the said George W. Bean in Washington, D. C. The attachment suit resulted in judgment prior to the entry of final decree in this suit against Bean in the sum of $4,131.76 and costs. The judgment was a judgment of court entered on a jury verdict and was in the following language:

"It is therefore, considered, ordered, adjudged and decreed that the plaintiff, The First National Bank of Clearwater, a corporation, do have and recover out of the lands of the defendant G. W. Bean herein so attached as aforesaid, the sum of $4131.76 as its damages by it sustained for Principal, Interest and Attorneys' fees, together with the further sum of $13.30 as its costs in and about this suit expended, for which let execution

issue specially against the lands of the defendant herein so attached as aforesaid, and to said plaintiff rendered.''

The judgment appears by the record submitted to have been properly and lawfully entered in due course and was not such a judgment as was before this Court in the case of Cornwell vs. Williford, 73 Fla. 305, 73 Sou. 595, in which case final judgment was attempted to have been entered by the Clerk on a default entered by the Clerk.

The record discloses ample substantial evidence to sustain the final decree.

The office and application of the creditor's bill was clearly stated by Mr. Justice Davis in the opinion of this Court in the case of B. L. E. Realty Corporation vs. Mary Williams Co., Inc., filed at this term of the Court and upon authority of the opinion in that case and the cases therein cited, and for the reasons heretofore stated, the decree appealed from should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, AND TERRELL, J.J., concur.

DAVIS, J., concurs specially.

ELLIS AND BROWN, J.J., dissent.

DAVIS, J., .(concurring) :—There was no legal authority to charge the official court reporter's fees for taking testimony as part of the costs in this case, unless consented to by defendants, especially when Master's fees are also allowed. A local rule of court having such object would be unenforcible. See State vs. Call, 39 Fla. 504, 22 Sou. 748. But where appellant avails himself of the testimony so taken and uses it on appeal, I cannot see where he has any cause of complaint because so using the testimony, he in effect becomes obligated to pay for it at the price fixed. But for the fact that the testimony taken has been used on this appeal, I would be inclined to hold that the fees of the stenographer must be eliminated unless consented to by parties. The same applies to fees for copies of documents. The Master's fees are of course allowable.