J. C. STEWART v. V. E. MANGET, *et ux.*

181 So. 370.
Division A.
Opinion Filed April 28, 1938.
As Amended on Denial of Rehearing June 2, 1938.

*George P. Garrett,* for Appellant;

*Don Register,* for Appellees.

BUFORD, J.—This is an appeal from an order dismissing a creditor's amended bill of complaint.

J. C. Stewart, having previously brought an action at law against V. E. Manget for commissions due him as real estate broker, and before final judgment therein was rendered, brought his amended creditor's bill against V. E. Manget and Lucille H. Manget, his wife, praying that the court take jurisdiction of the parties and of the subject matter and decree that the property described in paragraph one of the amended bill of complaint, consisting of the "Manget Grove," located in Polk County, be subjected to the payment of plaintiff's judgment at common law when the same is procured, and that the court find that Lucille H. Manget holds title to all of the grove, except 20 acres held in the name of V. E. Manget, in dry trust for V. E. Manget, and not otherwise.

The amended bill alleged that plaintiff brought this suit in equity as a creditor's bill bceause (1) V. E. Manget is a non-resident of the State of Florida and owns no other

property in this jurisdiction than said grove and (2) that said grove is the property of V. E. Manget, but is in the name of Lucille H. Manget and cannot be subjected to the payment of the judgment plaintiff expects to recover in the common law suit for broker's commission, save through process of equity.

The amended bill alleged that the grove property, which is the subject of the creditor's bill, consists of 90 acres, which was valued for the purpose of sale at $20,000.00; that 20 acres of that land is in the name of V. E. Manget; that the remaining 70 acres are in the name of. Lucille H. Manget, title to 30 acres having been acquired by her by a conveyance from B. F. Vreeland and wife and from Arthur O. White, *et al.*, while title to 40 acres was acquired by her by deed from Miller Smith Investment Co. to her husband, V. E. Manget, and by deed from her husband, V. E. Manget, joined by herself, to herself. It is alleged that the purchase money for the conveyance of the 30 acres paid to B. F. Vreeland and wife and Arthur O. White, *et al.*, was the money of V. E. Manget, who caused title to be placed in his wife's name, in resulting trust for him, which his wife accepted. It is alleged likewise that the consideration paid the Miller Smith Investment Co. for the conveyance of the 40 acres was the money of V. E. Manget, and V. E. Manget conveyed said property to his wife, to hold in resulting trust for him, which she accepted, and for which she paid no consideration. It was further alleged that Lucille H. Manget held these properties in her name in trust for her husband and for no other purpose.

The amended bill also alleged that V. E. Manget authorized and instructed Plaintiff to sell his grove for $20,000.00, for which he agreed to pay plaintiff a commission of $2,000.00, and that he agreed to close the deal in accordance with terms to be agreed upon by W. A. Davis, Jr., and his

brother, Dan Manget; that with the cooperation and assist-
ance of W. A. Davis, Jr., and Dan Manget, plaintiff pre-
pared a contract of sale of the property according to the
terms agreed upon by the said parties; that plaintiff pro-
duced a purchaser, T. W. Alderman, who was ready, able
and willing to purchase said grove, and who executed the
contract for the sale and purchase of the property in ac-
cordance with the price and terms agreed upon, and ten-
dered an earnest payment of $1,000.00, which was ac-
cepted by plaintiff as broker, pursuant to authority given
him in that regard by the defendant, V. E. Manget; that
thereafter V. E. Manget notified plaintiff he would not be
bound by the contract; that plaintiff's duty was to furnish
a purchaser ready, able and willing to buy said property
on terms fixed by the owner, and plaintiff not only pro-
duced such a purchaser, but also a contract for sale signed
by said T. W. Alderman.

To the amended bill of complaint was filed a motion to
dismiss, which among other grounds, contained the fol-
lowing:

"First.  There is no equity in said bill.

"Second.  The amended bill of complaint states that the
legal title to twenty acres of the land described therein is
held by the defendant, V. E. Manget, and that the title to
the remainder of said land is held by the defendant, Lucille
H. Manget, and fails to show an equitable interest in any
of said property contrary to the two ownerships of the legal
title as stated."

Thereafter the court entered an order that the motion to
dismiss the amended bill of complaint be granted and the
amended bill of complaint be dismissed at plaintiff's cost,
unless plaintiff, within fifteen days, file a new and amended
bill of complaint framed for the purpose of overcoming

the defects and insufficiencies in the amended bill already filed.

From that order an appeal was taken.

The sole question to be considered here is whether the bill of complaint as amended contained equity so as to be sufficient against the motion to dismiss.

Section 5035 C. G. L. provides as follows:

"A Creditors' bill may be filed in the courts of the State, having chancery jurisdiction, before the claims of indebtedness of the persons filing the same shall have been reduced to judgment, but no such bill shall be entertained by such court, unless the complainants therein shall have first instituted suits in the proper courts at law for the collection of their claims; and no final decree shall be entered upon such creditors' bill until such claims have been reduced to judgment."

This section of the statute provides that a creditors' bill *may be* filed before final judgment is rendered in the action at law, but not before the action at law is begun; but in no case can final decree be entered in the creditors' equity suit until after the final judgment has been entered in the action at law. This statute changed the rule as to the *time when* a creditors' bill of complaint might be filed; see Robinson v. Springfield Co., 21 Fla. 203; Neubert v. Massman, 37 Fla. 91, 19 So. 625; Barrow v. Bailey, 5 Fla. 9, for the old rule; but this statute did not in any way attempt to change the existing rule or rules as to what constitutes the essential elements of such a bill of complaint. George E. Sebring Co. v. O'Rourke, 101 Fla. 885, 134 So. 556. Neither did this statute attempt to define a creditors' bill. Armour Fertilizer Works v. First National Bank of Brooksville, 87 Fla. 436, 100 So. 362.

The nature, purpose and scope of a creditors' bill is to bring into exercise the equitable powers of the court to

enforce the satisfaction of a judgment by means of an equitable execution because execution at law cannot be had. Armour Fertilizer Works v. First National Bank of Brooksville, 87 Fla. 436, 100 So. 362, and authorities there collected and cited; B. L. E. Realty Co. v. Mary Williams Co., 100 Fla. 254, 134 So. 47; Bean v. First National Bank of Clearwater, 102 Fla. 367, 135 So. 803; Bay View Estates Corp. v. Southerland, 114 Fla. 635, 154 So. 894; Hillsborough County v. Dickenson, 125 Fla. 181, 169 So. 734.

The prevailing rule is that before a creditor can resort to his *remedy* by means of a creditors' bill he must first secure a judgment at law and exhaust all means afforded by the law to recover on such judgment. Armour Fertilizer Works v. First National Bank of Brooksville, 87 Fla. 436, 100 So. 362, and must have a return of the execution that no goods of the debtor are to be found, if such is the case. Holly v. Gainesville National Bank, 80 Fla. 523, 86 So. 444. This rule has not been altered by Section 5035 C. G. L., because that statute specifically provides that "no final decree shall be entered upon such creditors' bill until such claims shall have been reduced to judgment," indicating that the statute was not intended to effect any change in the existing law other than to allow the creditors' bill to be filed before judgment at law was rendered. In other words, a creditors' bill may be filed before judgment in the law action is obtained, but the creditor cannot resort to his *remedy* in the creditors' suit, which is the equitable satisfaction under the final decree of his claim against the debtor, until after the judgment at law is rendered and the legal means of satisfying that judgment have been exhausted. A creditors' bill is not an alternative method for the collection of a debt by a creditor, but the remedy afforded thereby can be resorted to as a means of collecting the debt, only after the legal means of satisfying the debt

have proved unavailing. See Holly v. Gainesville National Bank, 80 Fla. 523, 86 So. 444; Punta Gorda State Bank v. Wilder, 93 Fla. 301, 112 So. 569.

The complainant in a creditors' bill should allege every fact, clearly and definitely, that is necessary to entitle him to relief, and if he omits essential facts from his bill or alleges facts therein showing that he is not entitled to relief in a court of equity, he must suffer the consequences. B. L. E. Realty Corporation v. Mary Williams Co., 100 Fla. 254, 134 So. 47. The rules of equity pleading apply with the same force to a creditors' bill as to any other kind of complaint. Every bill of complaint, whether a creditors' bill or not, must allege every essential element necessary for the maintenance of that bill. Every creditors' bill as well as every other bill of complaint must allege facts sufficient to invoke the jurisdiction of the equity court. A court of equity will not aid a complainant in a creditors' bill where there is an adequate remedy at law. 15 C. J. 1385; George E. Sebring Co. v. O'Rourke, 101 Fla. 885, 134 So. 556. The allegations relating to the matter of jurisdiction cannot be shown by general averments, such as, plaintiff has no remedy, or no adequate remedy, without assistance of a court of equity, but facts must be alleged showing that only in equity will the remedy be full, adequate and complete, and the *facts must speak for themselves.* 10 R. C. L. 420, Sec. 179.

"The inadequacy of a remedy at law to produce money is not the test of the applicability of the rule. All remedies, whether at law or in equity, frequently fail to do that; and to make that the test of equity jurisdiction would be substituting the result of a proceeding for the proceeding which is invoked to produce the result. The true test is, could a judgment be obtained in a proceeding at law, and not,

would the judgment procure pecuniary compensation." Tampa & G. C. R. Colvs. Mulhern, 73 Fla. 146, 74 So. 297.

The bill in this case alleges that V. E. Manget authorized and instructed plaintiff to sell the "Manget Grove" for him for $20,000.00, for which he agreed to pay plaintiff a broker's commission of $2,000.00. The bill also alleges that the entire grove consisted of 90 acres, and that legal title to 20 acres of that 90 was in the name of V. E. Manget. This 20 acres of land standing in the name of V. E. Manget was, therefore, subject to execution at law, and as to it, the jurisdiction of equity could not be invoked. Now since this 20 acres was subject to execution at law, does it appear from the allegations of the bill that it was sufficient in value to satisfy the judgment that might be obtained in the law action together with costs? The value of the 90 acres is $20,000.00, and plaintiff is not permitted to deny this because he alleged that he procured a purchaser for the property at that price. In the absence of a showing to the contrary in the bill, and for the purpose of testing the sufficiency of the allegations of the bill, the twenty acres subject to execution at law must be presumed to be of the same value per acre as that of any other like parcel in the grove. Indulging in this presumption, the 20 acres would be worth 2/9 of $20,000.00 or $4,444.44. The commission plaintiff claims he is entitled to is $2,000.00. In view of these facts, and of the allegation that this twenty acres was held in the name of V. E. Manget, which made it subject to execution at law, and of the failure to allege facts showing that the value thereof was not sufficient to cover the judgment that might be rendered in the law action together with costs, the bill failed to allege a cause for equity jurisdiction, because it appears from certain allegation made and from the absence of other allegations not made, that there was remedy available at law and the

amended bill fails to show that such remedy which appears on the face of the amended bill to be sufficient, is not full, adequate and complete.

Another principle of law upon which this case may be decided is that where the main object of a creditors' bill is to hold the affairs of several defendants in *status quo* until plaintiff can try a suit at law against one of the defendants for damages, no relief by way of a decree such as would be appropriate in a creditors' bill can be granted, and the bill is without equity. B. L. E. Realty Corp. v. Mary Williams Co., 100 Fla. 254, 134 So. 49.

Therefore, the bill was subject to dismissal on motion because, as framed, it contained no equity, and the order of the chancellor below dismissing the bill should be and it is hereby affirmed without prejudice to the Circuit Court to grant a motion to amend if timely presented and conforming to the view herein expressed.

Affirmed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.