Howard C. Miller, *et ux.*, Byron E. Bryan, a Single Man, L. S. Webster, and F. C. McKenzie, *et ux.,* v. Security Peoples Trust Co.

195 So. 191
Special Division B
Opinion Filed March 15, 1940
Rehearing Denied April 22, 1940

*Van C. Swearingen*, for Appellants;
*William A. Lane*, for Appellees.

BROWN, J.—This is the second appearance of this case here. For its former appearance see Security Peoples Trust Co. v. Miller, 133 Fla. 623, 182 So. 834. This appeal was dismissed because the appeal was by typographical error, no doubt, made returnable to an impossible date.

The Security Peoples Trust Co., a corporation, filed its creditors' bill against Howard C. Miller and Mary A. Miller, his wife; Byron E. Bryan, and L. S. Webster, against F. C. McKenzie and Lallie B. McKenzie, his wife.

The bill alleged that there were then pending in the Civil Court of Record and the Circuit Court of Dade County actions by plaintiff to recover $4,546.47 and $8,998.78, respectively, from defendant Howard C. Miller, the cause of action in each case being a judgment theretofore rendered in Erie County, Pa., in favor of plaintiff and against said defendant Miller. The bill prayed that certain described real property be adjudged to be the property of Howard C. Miller, subject to execution and to the debt of plaintiff,

and that conveyance of said property to Byron E. Bryan be canceled of record; that the motor boat or cruiser "Sea Lion" be adjudged to be the property of Howard C. Miller, subject to execution and to the debt of plaintiff, and that the pretended transfer thereof to L. S. Webster be canceled of record; that defendants be enjoined from encumbering or conveying any of the property, real or personal, and that defendants be enjoined from taking the motor boat or cruiser "Sea Lion" out of the jurisdiction of the court; and that a receiver be appointed to take charge of the property. It was alleged that the McKenzies were made parties defendant because they asserted some title or interest in the real estate.

From an order of the court on motion for decree on bill and answer, together with other motions, an appeal was taken. The appeal was dismissed for the reason above stated.

Prior to that time, while the appeal was still pending, April 21, 1938, the court, after several motions and a reply motion, ordered that time for taking testimony be extended until such time as the court, by its further order, shall limit and fix for the taking of testimony.

Plaintiff moved (1) that it be allowed to amend its bill of complaint as amended, as set forth in its motion of April 9, 1938; (2) that a receiver be appointed to take charge of the property with the usual powers of a receiver; (3) that the temporary restraining order of April 9, 1937, be reinstated and be extended to F. C. McKenzie and Lallie B. McKenzie, who were made defendants by amendment to the bill; and (4) that the court make such further order as to the time for pleading and the taking of proof, as may appear to the court to be meet and proper.

After motions by plaintiff, cross-plaintiff and defendants

relating to amending the bill of complaint had been filed, the court entered its order (1) granting the motion to amend the bill of complaint as amended and (2) denying without prejudice defendant's motion to dismiss the amended bill of complaint made before the amendment herein above was allowed thereto.

The amendment to the bill of complaint was then filed.

Motions to dismiss the amended bill were filed, also several affidavits in support thereof.

Thereafter the chancellor entered his order (1) denying the motion to dismiss the bill of complaint as amended; (2) enjoining each of the defendants, their agents, servants, attorneys and employees from conveying, encumbering or otherwise clouding the title to any of the real or personal property described in the bill or any amendment thereto, pending further order of the court; and (3) appointing Henry H. Taylor, Sr., receiver of said property with authority to take charge of and manage the same until further order of the court, the order to become effective upon plaintiff and the receiver each giving a satisfactory bond in the amount of $1,500.00 each.

This order was later enlarged and it was ordered that defendants have until the rule day in December, 1938, in which to answer as they may be advised.

The defendants thereupon took this appeal from said order.

The principal question presented is: Where a creditor brings a creditor's bill in this State based on a judgment rendered in this State, which domestic judgment was predicated upon a judgment rendered in a foreign State, is it necessary, in addition to alleging, in effect, that the domestic judgment has been procured and all legal means of satisfying that judgment have been exhausted and have proved un-

availing, to also allege, in effect,, that all legal means of satisfying the foreign judgment in the foreign jurisdiction have been employed and have proved unavailing?

Plaintiff in this case procured two judgments against Howard C. Miller, on the common law side of the court, in Erie County, Pennsylvania. Plaintiff then brought actions on each of these two judgments on the common law side of the courts above referred to in Dade County, Florida. Plaintiff later filed a creditors' bill in equity in Dade County, Florida (which bill was thereafter amended as hereinafter shown), seeking to have certain conveyances of property set aside, that the property be declared that of Howard C. Miller, and that it be sold and the proceeds applied to satisfaction of these Florida judgments. Defendants, in the motion to dismiss, contend that the bill of complaint does not sufficiently allege exhaustion of legal remedies in the State of Pennsylvania.

The necessity for exhausting legal remedies before resorting to a creditors' bill, has been stated by American Jurisprudence in the following language:

"There is a well established rule that a creditor can not come into equity to obtain satisfaction of his claim out of property not reachable by legal process until he had exhausted his remedies at law and shown them to be unavailing. Therefore, a creditor who seeks equitable relief to accomplish such purpose must not only obtain a judgment as a condition of the right to such relief, but, in addition, be able to show that an execution has been issued in the form and manner required by law and returned unsatisfied in whole or in part. The bill itself must contain allegations to this effect or show a legal and sufficient excuse for not doing so. The reasons behind the rule requiring the issuance and return of an execution are that it should

not lie in the power of a creditor to institute such an extraordinary remedy for no other reason than that his debt is overdue and without a definite showing of inability to collect by ordinary process of law; that the inability of the debtor to pay should be established definitely by some certain rule; and that he may be able to relieve himself from threatening insolvency by the time an execution is obtained and demanded of him. This issuance of execution on a judgment at law and its return unsatisfied are by statute in some States expressly made a condition precedent to the filing of a creditor's bill." 14 Am. Jur. 691, Sec. 25.

The rule in this regard in Florida is very strict. One of the more recent expressions of the Court on the subject is that of Stewart v. Manget, 132 Fla. 498, 181 So. 370, wherein the Court stated:

"The nature, purpose, and scope of a creditors' bill is to bring into exercise the equitable powers of the court to enforce the satisfaction of a judgment by means of an equitable execution because execution at law cannot be had. (Citation of authorities omitted.)

"The prevailing rule is that before a creditor can resort to his remedy by means of a creditor's bill he must first secure a judgment at law and exhaust all means afforded by the law to recover on such judgment (Armour Fertilizer Works v. First National Bank of Brooksville, 87 Fla. 436, 100 So. 362), and must have a return of the execution that no goods of the debtor are to be found, if such is the case. (Holly v. Gainesville National Bank, 80 Fla. 523, 86 So. 444.)  * * * A creditors' bill is not an alternative method for the collection of a debt by a creditor, but the remedy afforded thereby can be resorted to as means of collecting the debt, only after the legal means of satisfying the debt have proved unavailing." (Citation of authorities omitted.)

It was also held in that case that while, under Section 5035, Comp. Gen. Laws of 1927, a creditors' bill can be filed before judgment in the law action is obtained, the creditor cannot resort to his remedy in the creditors' suit until after the judgment at law is rendered and the legal means of satisfying that judgment have been exhausted.

The plaintiff in a creditors' bill should allege every fact, clearly and definitely, that is necessary to entitle him to relief, and, if he omits essential facts from his bill or alleges facts therein showing that he is not entitled to relief in a court of equity, he must suffer the consequences. B. L. E. Realty Corporation v. Mary Williams Co., 101 Fla. 254, 134 So. 47. The allegations relating to jurisdiction of equity cannot be shown by general averments, such as that plaintiff has no remedy, or no adequate remedy, without assistance of a court of equity, but facts must be alleged showing that only in equity will the remedy be full, adequate and complete, and the facts must speak for themselves. Stewart v. Manget, 132 Fla. 498, 181 So. 370.

The chancellor subsequently permitted an amendment to the bill of complaint which alleged the procuring of judgments in this State, in the said actions pending when the original bill was filed, the issuance of executions thereon and the return thereof unsatisfied, the allegation as to each judgment being in the following language (except as to differences in dates and amounts) :

"Plaintiff, on the second day of July, A. D. 1937, obtained a judgment in the sum of * * * principal and * * * interest, making a total of * * *, and costs in the sum of * * *, which said judgment, now held by plaintiff against said defendant, Howard C. Miller, is of record in the office of the Clerk of the Civil Court of Record in and for Dade County, Florida, in Judgment and Default Docket

No. 3 at page 398; that on this judgment execution was duly issued on the 12th day of July, A. D. 1937, and delivered to the Sheriff of Dade County, Florida, which said execution has been returned to the office of the Clerk of the Civil Court of Record in and for Dade County, Florida, by said Sheriff with the following endorsement: 'Received this execution 15th day of July, A. D. 1937, and the same is hereby returned unsatisfied as no property, either personal or real, belonging to the said defendant, was found upon which levy could be made.' "

This endorsement was signed by the sheriff, by his deputy, and endorsed as having been returned to the clerk on July 17, 1937.

This is an entirely sufficient allegation of the exhaustion of legal remedies on said judgments rendered in this State. The allegations as to the exhaustion of legal remedies on the judgments rendered in Pennsylvania are not adequate if it be determined that it is necessary to allege such fact at all. However, the amended bill did allege that defendant Miller did not have, when this or the common law suits were instituted, property subject to execution in Erie County, Pennsylvania, sufficient to satisfy plaintiff's claim.

A foreign judgment cannot be the basis of a creditors' bill filed in this State any more than can the general indebtedness itself. The creditor must first sue upon that judgment and recover a new judgment in this State, and have execution issued thereon which must be returned unsatisfied, and thus establish the fact that he has exhausted the remedy at law, before he can obtain relief under his creditors' bill. See Bay View Estates Corporation v. Southerland, 114 Fla. 635, 154 So. 894.

It being the rule then that a creditor's bill cannot be predicated on a foreign judgment, but the foreign judgment

must be sued on in this State and a domestic judgment obtained, our opinion is that it would not be necessary to show that the remedy at law in the foreign State had been exhausted. It is only necessary to show that the remedy at law on the judgment rendered in this State had been exhausted. No case has been cited by either party and we have not been able to find one holding that in such a situation it was necessary to allege that the legal remedy on the judgment rendered in the foreign jurisdiction had been exhausted before a creditor's bill could be maintained in this State upon a showing of a valid judgment rendered in this State and the exhaustion of the legal remedy thereon. In the absence of a showing of reason or authority on the proposition, it would be rather a questionable doctrine to extend the rule to apply beyond the confines of a State's own jurisdiction. It is true that the judgment in this State is predicated on a judgment of another State. But when the domestic judgment is rendered it becomes the judgment of a court of Florida, and this should set at rest all questions relating to what kind of debt the original foreign judgment was for; and the allegation in the creditors' bill that the judgments at law in this State had been rendered, and that execution issued thereon had been returned *nulla bona,* should be sufficient. The allegations on this point were entirely sufficient in this case. The motion to dismiss admitted the well pleaded allegations of the amended bill for the purpose of testing whether the amended bill contained equity.

It is contended that the court erred in extending the time for taking testimony under the circumstances.

This contention is without merit, because as the cause now stands a motion to dismiss has been overruled and additional time allowed defendants in which to answer.

The cause is not at issue yet and it does not become incumbent on the court to set a time for taking testimony until the cause is at issue. Sec. 46 of the 1931 Chancery Act, Sec. 4921 (2), Perm. Supp. to C. G. L. No matter how far the cause had proceeded toward reaching an issue before, when plaintiff asked for permission to amend its bill of complaint and the permission was granted, it gave defendants the right to plead to the amendment as they felt justified, and this prolonged the reaching of an issue. Issue had not been reached when this appeal was taken. Any prior order of the court extending the time for taking testimony was harmless so far as plaintiff was concerned.

The order appealed from is affirmed.

Affirmed.

WHITFIELD, P. J., and THOMAS, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

Chief Justice TERRELL and Justice CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.