LAWRENCE RIESEN and HUBERT RIESEN v. MARYLAND CASU-
ALTY COMPANY, a Corporation of Maryland, authorized to do
business in Florida.

14 So. (2nd) 197                                June Term, 1943
June 22, 1943                                       Division B

*G. O. Rasco,* for petitioners.

*Kurtz, Reed, Sappenfield & Cooper,* for respondent.

BROWN, J.:

The Circuit Court in and for Dade County, Florida, denied a motion to strike certain portions of the bill of complaint and also the motion to dismiss the bill of complaint filed in this case by the Maryland Casualty Company against these two petitioners. Whereupon they brought this order of the chancellor before us for review under Rule 34.

On the 14th day of August 1942, the Maryland Casualty Company, respondent here, brought two suits in the Circuit Court of Dade County, one a common law action against Hubert Riesen, Harley Riesen, and Lawrence Riesen to obtain a judgment in Florida upon a judgment which it had obtained against said parties on August 17, 1922, in Wisconsin, in the sum of $40,000.00 with interest from November 24, 1920, and the other a creditors' bill against the same individual parties and also against the Riesen Engineering Corporation. The bill had attached thereto as an exhibit a copy of the Wisconsin judgment, which exihibit does not itself show, except perhaps by inference, the date the judgment was rendered.

The bill alleged that the defendant Lawrence Riesen is the holder of the legal title to certain described real estate in Dade County, and that unless enjoined from doing so he would, pending the action at law, convey and dispose of the same without an actual, fair or reasonable consideration in order to prevent the plaintiff from subjecting said real estate to the satisfaction of the judgment which the plaintiff expects to obtain against him and the other defendants in said action at law.

The bill also alleged that the Riesen Engineering Corporation holds the legal title to certain described real estate in Dade County, and the bill further alleged on information and belief that said corporation is owned and controlled solely by the three individual defendants above named, and that said corporation was organized and holds the title to said real

estate for the purpose of preventing the plaintiff from subjecting said real estate to the payment of the indebtedness due to the plaintiff as above set forth, and that the equitable interest in said real estate held in the name of said corporation was actually vested in the three Riesens above named.

The bill prayed that Lawrence Riesen be enjoined from disposing of the said real estate held by him pending final judgment in the action at law that day filed and that each of the defendants be enjoined and restrained from disposing of the property, the title to which was held in the name of said corporate defendant, and that the individual defendants be also enjoined from assigning or otherwise disposing of the capital stock of said Riesen Engineering Company, pending the entry of a final judgment in the action at law above referred to, and that upon final hearing the court decree that the property described in the bill be subjected to the satisfaction of any final judgment entered in favor of the plaintiff and against the individual defendants in the action at law.

The defendants filed a motion to strike certain paragraphs of the bill and also a motion to dismiss the bill, each motion being based upon the same grounds, which were in substance as follows: That the bill was without equity; that it showed upon its face that the plaintiff had an adequate remedy at law; that the bill affirmatively shows that the plaintiff was guilty of laches; and that the plaintiff is endeavoring to accomplish in equity the same results as would be obtained by the filing of a lis pendens in the common law suit. Both motions were denied on February 5, 1943.

The grounds of the motions with reference to the filing of a lis pendens in the common law action has not been argued in the brief; ; so we pass it by with the observation that under Section 47.49 Fla. Stats. 1941, lis pendens is applicable to "any property involved" in the suit, when properly recorded in the County where the property is situated.

It will be observed that the bill does not allege that the defendant Lawrence Riesen had only an equitable title to the property described in the bill as being owned by him. Per contra, it shows that he held the legal title.

The petitioners here contend that the real property, title to which is held by Lawrence Riesen, is manifestly subject to execution, and that *the stock* in the corporation, alleged to be held by the three individual defendants, is also subject to execution under Section 55.20, Fla. Stats. of 1941, which reads: "Lands and tenements, goods and chattels, equities of redemption in real and personal property, and stock in corporations, shall be subject to levy and sale under execution."

In the case of Biscayne Realty and Insurance Company v. Ostend Realty Company, et al., 109 Fla. 1, 148 So. 560, this Court held that so long as proper use is made of the fiction that a corporation is an entity apart from its stockholders, the fiction will not be ignored, yet where stockholders enter into a transaction in their individual interest and utilize the corporate name merely to mislead creditors or perpetrate a fraud, the legal entity will be ignored and the stockholders held individually liable. While the facts in that case were different from the facts here alleged, yet this doctrine was based upon the jurisdiction of equity in matters involving fraud, concealment, etc., and we consider the principle enunciated applicable here.

This Court has also held that one of the purposes of Section 5035 C.G.L. was to authorize a creditors' bill to be filed to reach equitable assets where action at law has already been brought though no final decree can properly be entered on the creditors' bill until the action at law shall have been reduced to judgment. George E. Sebring Company v. O'Rourke, 101 Fla. 885, 134 So. 556; B.L.E. Realty Corporation v. Mary Williams Company, 101 Fla. 254, 134 So. 47. Our conclusion is that under the facts alleged, in so far as the bill in this case seeks to reach the equitable interests of the defendant stockholders in the lands of the corporation, which corporation the bill alleges is owned and controlled by the three named defendants, the bill contains equity. But there is some doubt in our minds as to the sufficiency of the allegations with reference to the real estate the legal title to which is held by the defendant Lawrence Riesen. See Stewart v. Manget, 132 Fla. 499, 181 So. 370 and B.L.E. Realty Corporation v. Mary Williams Company, 100 Fla. 254, 134 So. 49.

In Stewart v. Manget, 132 Fla. 498, 181 So. 370, this Court, speaking through the present Chief Justice, had this to say in regard to creditors' bills:

"The nature, purpose and scope of a creditors' bill is to bring into exercise the equitable powers of the court to enforce the satisfaction of a judgment by means of an equitable execution because execution at law cannot be had. Armour Fertilizer Works v. First National Bank of Brooksville, 87 Fla. 436, 100 So. 362, and authorities here collected and cited; B.L.E. Realty Co. v. Mary Williams Company, 100 Fla. 254, 134 So. 47; Bean v. First National Bank of Clearwater, 102 Fla. 367, 135 So. 803; Bay View Estates Corp. v. Southerland, 114 Fla. 635, 154 So. 894; Hillsborough County v. Dickenson, 125 Fla. 181, 169 So. 734."

And further on in the same opinion it is said:

"Another principle of law upon which this case may be decided is that where the main object of a creditors' bill is to hold the affairs of several defendants in *status quo* until plaintiff can try a suit at law against one of the defendants for damages, no relief by way of a decree such as would be appropriate in a creditors' bill can be granted, and the bill is without equity. B.L.E. Realty Corp. v. Mary Williams Co., 100 Fla. 254, 134 So. 49."

Thus it appears that where a creditors' bill makes no reference to any property that could properly be classed as an equitable asset or interest of the judgment debtor, it does not state a case for equitable relief. Armour Fertilizer Works v. First National Bank, 87 Fla. 436, 100 So. 362; B.L.E. Realty Corp. v. Mary Williams Co., 101 Fla. 254, 134 So. 47; Geo. E. Sebring Co. v. O'Rourke, et al., 101 Fla. 885, 134 So. 553; Hewitt v. Punta Gorda Bank, 108 Fla. 39, 145 So. 883; Hillsborough County v. Dickenson, 125 Fla. 181, 169 So. 734; Stewart v. Manget, supra; Miller, et al., v. Security Peoples Trust Co. 142 Fla. 434, 195 So. 191; Bradshow v. American Advent Christian Home, 145 Fla. 270, 199 So. 329.

Our conclusion is that the bill now before us is without equity as against one of the defendants, Lawrence Riesen, in so far as concerns the real estate the title to which is held in his name, but that in spite of the fact that *the stock* in the

Riesen Engineering Corporation, the ownership and control of which is alleged to be in the three individual defendants, is subject to execution against them, yet, in view of the allegations of the bill to the effect that *the land,* the title to which is in the corporation, is an *equitable asset* of the three individual defendants, in that they own and control the corporation and placed the title to the real estate in its name to prevent its being subject to the payment of plaintiff's debt, there is equity in the bill against the defendants as to said land and the equitable interest therein of said defendants.

The question of laches, though raised by the motion to dismiss, has not been argued by counsel for petitioner, and therefore we are not called upon to consider it here.

From what has been said, it appears that the motion to strike the third paragraph or section of the bill and the third paragraph of the prayer for relief, both of which relate to the real property title to which is held by Lawrence Riesen, should have been granted; but in other respects we find no error in the Court's order. Accordingly, certiorari under Rule 34 is granted, and that part of the Court's order above referred to is quashed, and the cause remanded for the entry of a new order, or an amendment of the original order, in conformity with the views hereinabove expressed.

It is so ordered.

BUFORD, C. J., THOMAS and SEBRING, JJ., concur.