CARROLL, CHAS., Judge
(specially concurring).
I concur in the opinion and judgment, and would add the ground that the resort to equity was a premature creditor’s bill,[1] which may be filed only after an action at law is commenced and in which final decree must be deferred until after obtaining at law the judgment for the aid and payment of which equitable relief is sought under separate creditor’s bill.[2] I agree, therefore, in the reversal of the orders entered in the equity suit, and that the cause be transferred to the law side of the court.

. § 62.37, Fla.Stat., F.S.A., provides:
“Chancery jurisdiction; creditors’ Mils. Creditors’ bills may be filed in the courts of this state, having chancery jurisdiction, before the claims of indebtedness of the persons filing the same shall have been reduced to judgment, but no such bill shall be entertained by such court, unless the complainants therein shall have first instituted suits in the proper courts at law for the collection of their claims; and no final decree shall be entered upon such creditors’ bill until such claims shall have been reduced to judgment.”

. See Stewart v. Manget, 132 Fla. 498, 181 So. 370; Smith v. Irvine, Fla.1953, 68 So.2d 567.