138 So.2d 367 (1962)
Mary E. GANTZ, Appellant,
v.
The FIRST NATIONAL BANK OF MIAMI, a National Banking Association, Appellee.
No. 61-211.
District Court of Appeal of Florida. Third District.
February 26, 1962.
Rehearing Denied March 14, 1962.
*368 Brunstetter, Netter & Buchmann, So. Miami, for appellant.
Scott, McCarthy, Preston, Steel & Gilleland and Jerry B. Crockett, Miami, for appellee.
Before HORTON, CARROLL and BARKDULL, JJ.
HORTON, Judge.
The appellant, who was the defendant below, seeks review of a final decree of foreclosure ordering the sale of her undivided one-half interest in certain real property to satisfy the lien of the appellee's money judgment obtained against the appellant and her former husband in an action based upon their joint obligation. The property interest foreclosed was conveyed to the appellant by her former husband pursuant to the terms of a property settlement agreement. On foreclosure, the chancellor found that the appellee's judgment lien was superior to the appellant's property interest and entered the decree appealed.
None of the questions posed by the parties to this appeal raise what we consider to be fundamental error which compels reversal of the decree. The question which we consider to be determinative here is whether the circuit court, under the allegations of the complaint and the admitted facts, had jurisdiction to foreclose the general lien evidenced by a money judgment against specific property. We find that it did not.
We have examined the bill of complaint carefully but fail to find within it any allegations indicating that the appellee had attempted unsuccessfully to make its general lien effectual by execution and levy or the alternative remedies provided by statute for the satisfaction of money judgments. Nowhere does it appear that an execution had ever been issued on the judgment rendered against the appellant and her former husband or that if one had been issued it had been returned unsatisfied. Nor was it alleged in the complaint that the transfer of the property to the appellant by her former husband was fraudulent or intended for the purpose of hindering, delaying or defrauding creditors. We know of no procedure by virtue of which the circuit court would have authority or jurisdiction to entertain an equitable action to foreclose the general lien of a money judgment without a showing by the judgment lienor that the legal remedies available to him for the enforcement of such judgment have been exhausted, are inadequate or will be of no avail.
A judgment lien is of limited effect, conferring upon the lienholder only the power to make his general lien effectual by following up the steps of the law and consummating his judgment by an execution and levy on the land. Massey v. Pineapple Orange Co., 87 Fla. 374, 100 So. 170; Young v. McKenzie, Fla. 1950, 46 So.2d 184; 19 Fla.Jur., Judgments and Decrees, § 187.
The only time that resort to a court of equity to enforce a common law judgment is permitted is when the remedies provided for the satisfaction of such judgment have been exhausted, are inadequate or are of no avail. The judgment creditor then has recourse to supplementary proceedings provided by statute or a creditor's bill to reach equitable interests not subject *369 to levy of execution. These conclusions are supported by the cases.
Thus, it was held, in Smith v. Pattishall, 127 Fla. 474, 176 So. 568, that the general lien given to a judgment by the statute (§ 55.10, Fla. Stat., F.S.A.) does not create an estate or right of property in the debtor's lands. In discussing this proposition the Supreme Court of Florida said, at page 574 of 176 So.:
"While the lien of a judgment does not create an estate or right of property in the lands to which the judgment lien attaches, it does create a lien upon said land to the exclusion of adverse interests subsequent to the judgment. 34 C.J. 569. The court that rendered the judgment may enforce the lien by writ of execution. However, in proper cases, the powers of a court of equity may be invoked to protect the lien or to enforce it. 34 C.J. 739; Harbeson Lumber Co. v. Geneva Mill Co., 116 Fla. 342, 156 So. 710."
In commenting on the essentials of a creditor's bill, the Supreme Court of Florida, in Miller v. Security-Peoples Trust Co., 142 Fla. 434, 195 So. 191, page 194, 129 A.L.R. 500, said (citing Stewart v. Manget, 132 Fla. 498, 181 So. 370, 373):
"The prevailing rule is that before a creditor can resort to his remedy by means of a creditors' bill he must first secure a judgment at law and exhaust all means afforded by the law to recover on such judgment. [citation omitted] [A]nd must have a return of the execution that no goods of the debtor are to be found, if such is the case. [citation omitted] * * * A creditors' bill is not an alternative method for the collection of a debt by a creditor, but the remedy afforded thereby can be resorted to as a means of collecting the debt, only after the legal means of satisfying the debt have proved unavailing." [Emphasis supplied]
The court further observed:
"The plaintiff in a creditors' bill should allege every fact, clearly and definitely, that is necessary to entitle him to relief, and, if he omits essential facts from his bill or alleges facts therein showing that he is not entitled to relief in a court of equity, he must suffer the consequences, B.L.E. Realty Corporation v. Mary Williams Co., 101 Fla. 254, 134 So. 47. The allegations relating to jurisdiction of equity cannot be shown by general averments, such as that plaintiff has no remedy, or no adequate remedy, without assistance of a court of equity, but facts must be alleged showing that only in equity will the remedy be full, adequate and complete, and the facts must speak for themselves. Stewart v. Manget, 132 Fla. 498, 181 So. 370."
It is true that a creditors' bill may be instituted prior to the rendition of a judgment in a common law action but even in such cases a final decree cannot be rendered until the rendition of a judgment in the common law action. Section 62.37, Fla. Stat., F.S.A. The basic reason for the requirements of this section is to make certain that the creditor has exhausted all available legal remedies before seeking equitable relief. Megdall v. Scott Corp., Fla. 1949, 40 So.2d 139.
As we have seen, nowhere in the appellee's complaint has it mentioned the exhaustion of means afforded by law to recover on its judgment. From aught that appears, execution could be had on the judgment, it being joint in character, against the interests of the appellant and her former husband as the title stood at the time the judgment was recorded. If, in fact, as the appellee contends, the transfer by the former husband of his undivided one-half interest in the real property to the appellant was by its terms subject to the appellee's judgment of record, it would appear that such interest would still be subject to the *370 lien of the judgment and could be reached by execution. At least there is no allegation or showing that the appellant's interest, even after transfer to her of her former husband's interest, would not be subject to execution under the joint judgment. If for any reason such execution should fail, the appellee would have available to it all the remedies the law affords for reaching the equitable interests of a judgment debtor that are not subject to levy of execution. See also 34 C.J., Judgments, § 1142; 49 C.J.S. Judgments § 587.
Having concluded that the complaint was improvidently sustained and that the decree rendered is without legal basis, it follows that said decree should be and it is hereby reversed, and the cause is remanded with directions to dismiss the complaint without prejudice to any rights which the appellee may have for the enforcement of its judgment.
Reversed and remanded with directions.