348 So.2d 1236 (1977)
NATIONAL EQUIPMENT RENTAL, LTD., Appellant,
v.
COOLIDGE BANK & TRUST CO., Appellee.
No. 76-1903.
District Court of Appeal of Florida, Second District.
August 17, 1977.
*1237 Guion T. DeLoach, Naples, for appellant.
John F. Stanley, of Vega, Brown & Nichols, P.A., Naples, for appellee.
GRIMES, Judge.
This appeal involves a question of when a foreign judgment becomes a lien upon Florida real property.
Both parties had obtained judgments against Richard Laneau in states other than Florida. Appellant's judgment was prior in time, and a certified copy of this judgment had been recorded in Collier County before the date of the entry of appellee's judgment. However, appellee immediately filed suit in Collier County seeking to establish its foreign judgment as a Florida judgment and to foreclose its judgment lien on real property owned by Laneau in that county. Appellant was not jointed as a party to this suit. The court entered judgment in favor of appellee. Laneau's real property was then sold at public auction to satisfy the judgment, and appellee was a successful bidder at the sale.
The appellee then filed the instant suit seeking to quiet the title of its newly acquired property against any claims of appellant. The appellant filed an answer and counterclaim contending that its recorded judgment was a superior lien upon the property when Laneau owned it and that the lien remains effective despite the new ownership because appellant was not a party to the first suit. The court entered a summary judgment quieting title to the property in the appellee.
The appellant relies on Section 55.10, Florida Statutes (1975), which states:
"55.10 Judgments; lien of all, generally

Judgments and decrees become a lien on real estate in the county where rendered when the judgment or decree is recorded in the proper record of such county and in other counties when a certified copy thereof is recorded in the proper record of other counties."
Is this statute applicable to a foreign judgment which has not been judicially established as a judgment in the courts of Florida? We think not.
*1238 It is well settled that a creditor holding a foreign judgment cannot execute upon real property within the situs state until he has reduced the foreign judgment to a judgment of that state. Cole v. Cunningham, 133 U.S. 107, 10 S.Ct. 269, 33 L.Ed. 538 (1889); 46 Am.Jur.2d, Judgments, Sec. 905. An action predicated upon a foreign judgment is considered as a new and independent action. Milligan v. Wilson, 107 So.2d 773 (Fla.2d DCA 1958). While the validity of the judgment is generally determined by the law of the state of its rendition, the question of whether the court which rendered the judgment had jurisdiction over the subject matter and the person is open to challenge. Milligan v. Wilson, supra. A creditor's bill cannot be maintained on a foreign judgment until the creditor has reduced the foreign judgment to a judgment of the situs state. Hotchkiss v. Martin, 52 So.2d 113 (Fla. 1951); Miller v. Security-Peoples Trust Co., 142 Fla. 434, 195 So. 191 (1940). In an early decision, our Supreme Court stated that until a foreign judgment was reduced to judgment in Florida, the judgment holder was merely a "creditor at large." Carter v. Bennett, 6 Fla. 214, 242 (1885).
We have found no authority which makes a distinction between the need to establish a foreign judgment as a judgment of the situs state in order to obtain execution and a similar requirement as a prerequisite for establishing a lien. Some courts have assumed that foreign judgments cannot be liens until they have been reduced to local judgments. Milwaukee County v. M.E. White Co., 296 U.S. 268, 56 S.Ct. 229, 80 L.Ed. 220 (1935); Cook's Estate v. Brown, 346 Mo. 281, 140 S.W.2d 42 (1940); Aetna Casualty & Surety Co. v. Whaley, 173 Va. 11, 3 S.E.2d 395 (1939). Florida Real Property Practice I (Second Edition), § 9.103 (Fla. Bar Continuing Legal Educ. Practice Manual No. 14, 1971) announces the same rule:
"Sometimes the examiner will find of record in the deed books certified copies of court proceedings in foreign states. It may be said that the record of those proceedings in the deed book or in the O.R. book is of no effect, except to inform the examiner that the records do exist in the offices of the courts whose clerks certified the copies. The record of a judgment entered in the court of a foreign state has no effect whatsoever on the title to the property of the defendant in this state. The holder of that judgment probably has the right to sue on it in the Florida courts and recover a judgment that, if the necessary steps are taken, may become a lien on property of the defendant, but the mere recording of a certified copy of the judgment does not have that effect."
In view of the need for stability in real property title law and in the absence of compelling authority to the contrary, we hold that the filing of a certified copy of a foreign judgment does not create a lien upon real property in the county in which it is filed. A lien is established only when the creditor establishes the foreign judgment as a Florida judgment. In effect, we construe Section 55.10 as referring only to Florida judgments. See Dade Fed. Sav. & L. Ass'n v. Miami Title & Abstract Div., 217 So.2d 873 (Fla. 3d DCA 1969).
Since appellant's foreign judgment had not been made a Florida judgment when Laneau owned the property, appellant never had a lien on the property. Therefore, appellee was entitled to have its title quieted against appellant's claims.
AFFIRMED.
BOARDMAN, C.J., and HOBSON, J., concur.