PER CURIAM.
After the respondent had instituted a common law action for damages, he instituted a creditor’s bill pursuant to Section 68.05 of the Florida Statutes (1983). The *463 causes were consolidated and the trial court entered the order under review which required the defendants to give an inventory of their assets prior to any judgment being rendered in the common law action. Certiorari of this order has been sought under the authority of Malt v. Simmons, 405 So.2d 1018 (Fla. 4th DCA 1981); Accord Manatee County v. Estech General Chemicals Gory., 402 So.2d 75 (Fla. 2nd DCA 1981); Everglades Protective Syndicate, Inc. v. MaKinney, 391 So.2d 262 (Fla. 4th DCA 1980).
We hereby quash the order requiring the inventory. There is no right accorded a plaintiff in a common law action to require a defendant to account for his goods and chattels prejudgment and there is no right in a creditor’s bill to seek relief against assets that are titled in the name of an individual defendant. Stewart v. Manget, 132 Fla. 498, 181 So. 370 (1938); George E. Sebring Company v. O’Rourke, 101 Fla. 885, 134 So. 556 (1931); Hollywood Beach Hotel & Golf Club, Inc. v. Gilliland, 140 Fla. 24, 191 So. 30 (1939). A creditor’s bill can only seek relief against a specific asset which is not in the judgment debtor’s name.' Stewart v. Manget, supra; George E. Sebring Company v. O’Rourke, supra. Of course, any transfer of assets in fraud of creditors is reachable by execution. Riley v. Fatt, 47 So.2d 769 (Fla.1950); Section 56.29 Florida Statutes (1983).
Therefore, for the reasons stated above, the order requiring the inventory is hereby quashed.