COBB, Judge.
The plaintiffs below, James and Christine Clemons, sued the defendants, Derrick, In-génito and Hauck, inter alia, for fraud and civil theft; These three defendants were officers or directors of a corporation that marketed memberships in a campground. None of the three defendants had any direct contact with the plaintiffs.
It was the contention of the plaintiffs that the corporation and its officers and directors knew or should have known, at the time the plaintiffs purchased their lifetime memberships, that the campground was in financial difficulty and on the brink of bankruptcy. The subsequent bankruptcy of the campground resulted in the Clem-onses loss of their investment.
The evidence at trial revealed that the plaintiffs dealt only with the president and vice president of the corporation (Bauers and Kennedy), who were responsible for the day-to-day operation of the marketing corporation. No evidence was adduced at trial that the three appellants herein had control of the assets of the corporation, that any of them made false representations to the plaintiffs, or that any of them received money paid by the plaintiffs to the corporation. Ingénito and Hauck were granted a directed verdict on the fraud count, but a verdict was returned against all three on the civil theft count and against Derrick for fraud.
Based on the trial record, we find that the trial court erred in failing to grant a directed verdict for the three appellants, Ingénito, Derrick and Hauck, in regard to counts of fraud and civil theft. There was insufficient evidence adduced to pierce the corporate veil and hold the appellants personally liable. See Dania Jai-Alai Palace, Inc. v. Sykes, 450 So.2d 1114 (Fla.1984); Riesen v. Maryland Casualty Co., 153 Fla. 205, 14 So.2d 197 (Fla.1943).
We also note that it was error for the trial court, over defense objection, to submit a general verdict form, which identified no defendants and no counts, to the jury in this multi-count, multi-defendant case. See Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181 (Fla.1977). Form 1.986, Florida Rules of Civil Procedure, is applicable only where there is a single defendant and a single claim for damages against that defendant.
REVERSED.
DAUKSCH and PETERSON, JJ„ concur.