HORTON, Chief Judge.
The defendant has appealed from an adverse final decree and judgment wherein the chancellor determined that the sum of $27,800, plus interest, was due the plaintiff from the defendant upon a promissory note. In the original complaint filed, the plaintiff Van Straaten alleged that he was the assignee of a promissory note executed by defendants LaRue Operating Company, Inc., and LaRue Restaurant, Inc., and guaranteed by appellant Jerry Brooks and defendants Howard Brooks and Norman Friedlander. The plaintiff further alleged that said note was due and had not been paid and that the assets of the LaRue companies had been mortgaged, which mortgage was a scheme and device to defraud him as a creditor. Plaintiff prayed for an injunction to restrain the disposition of the corporate assets, sought a decree determining the mortgage to be an asset of the LaRue companies, and further sought a judgment against the makers and guarantors of the note. A decree pro confesso and then final decree were entered; however, upon appellant’s motion for stay of execution and vacation of judgment, based upon lack of service, the chancellor vacated this judgment. Following further pleadings, an amended complaint was filed, essentially the same as the original. The appellee Roslyne Levine, as administratrix c. t. a., was substituted for the original plaintiff. Appellant filed a motion to dismiss this complaint based, among other things, upon the bill’s failure to state a cause of action. This motion was denied and the appellant then filed his answer, asserting as an affirmative defense that the claim was barred by the statute of limitations. Following hearing, the decree and judgment appealed was entered.
The determinative point raised is whether the holder of a promissory note may bring suit in equity for the purpose of *47 obtaining a money judgment against the makers and guarantors of such note and for the further purpose of enjoining the disposition of assets of the corporate makers of said note. We conclude that he may not and that the chancellor erred by failing to dismiss the amended complaint.
As stated in Kooman, Florida Chancery Pleadings and Practice, § 213:
“A creditor’s bill is one brought by a creditor who has secured a judgment at law, who has in vain attempted to satisfy it at law, and who sues in equity for the purpose of reaching property which cannot be reached by execution at law.”
By statute[1] a creditor’s bill may be filed before a judgment at law is obtained but only where the action at law has already been brought. Relief will not be granted on a creditor’s bill until a judgment at law is entered. Riesen v. Maryland Casualty Co., 153 Fla. 205, 14 So.2d 197. Although the complaint here appears to be a creditor’s bill, the allegations of the bill do not show that the complainant’s claim has been reduced to judgment or that suit has been instituted for that purpose or, in fact, that any steps have been taken to secure such relief as the law affords.
The basis of the present suit is that the appellee was the holder of a promissory note made by corporate defendants and guaranteed by certain other defendants; that based upon this note, the appellee is a creditor of the appellant. Although he has not yet reduced his claim on the note to a judgment at law, he seeks the aid of equity to enjoin and restrain the assignment of an alleged mortgage as fraudulent to himself as a creditor and further seeks judgment on the note. We conclude that these allegations are insufficient to take the cause from under the statutory requirements, nor does the complaint allege facts which would establish an independent right to equitable relief. Cf. Moss v. Sperry, 140 Fla. 301, 191 So. 531, 125 A.L.R. 909; Megdall v. Scott Corporation, Fla. 1949, 40 So.2d 139.
The appellant has raised other questions, but in view of the conclusions reached they will not be discussed. Accordingly, the final decree and judgment appealed is reversed and the cause remanded with directions to dismiss the amended complaint.
Reversed and remanded with directions.
PEARSON and CARROLL, CHAS., JJ., concur.

. Section 62.37, Fla.Stat., F.S.A.