CHARLES CARROLL, Chief Judge.
The appellant New Castle Furniture Corp., which was the plaintiff below, was the holder of a judgment against Industrial Factors Corporation in the amount of $740,000 plus certain costs. The judgment debtor was the payee of a promissory note for $67,500 given to it by Arthur Chariton and his wife, Anita Chariton. Following an execution returned nulla bona, the appellant filed a creditor’s bill against its judgment debtor and against the Charitons, alleging the said promissory note was in default and praying for entry of judgment for the amount due on the note, and that such judgment be entered in favor of the plaintiff against the Charitons.
A motion of the plaintiff for summary judgment was denied and on final hearing the trial court ruled in favor of the defendants and dismissed the cause with prejudice. Plaintiff appealed, and contends the court erred in denying its motion for summary judgment and by ruling adversely to plaintiff on final hearing. We find no error, and affirm.
The trial court held the proofs did not authorize entering judgment on the note, which was not produced, the whereabouts of which was not known and which was not re-established. Moreover, the trial judge was not satisfied as to the existence of the note, as indicated by a recitation in his final judgment as follows: “The testimony is not clear and certain as to the circumstances surrounding the execution of this alleged note. The note was not introduced in evidence, and the record fails to reveal what happened to said alleged note. The president of Industrial Factors Corporation at the time of this alleged note transaction testified that to the best of his recollection the note was signed by Arthur Chariton and Anita Chariton and he doesn’t know if the note was paid off or destroyed.”
The ground proceeded upon by the trial judge was sufficient to sustain the judgment in favor of defendants. Moreover, assuming that such a note was valid and owing, the plaintiff, as a judgment creditor of the holder would have an adequate remedy in garnishment against the Charitons. Plaintiff’s effort to obtain a judgment in its favor against the makers of a note held by its judgment debtor, was not a form of relief which properly could be sought or granted by creditor’s bill. For the functions of a creditor’s bill, see Hillsborough County v. Dickenson, 125 Fla. 181, 169 So. 734; Stewart v. Manget, 132 Fla. 498, 181 So. 370; Brooks v. Levin, Fla.App.1960, 123 So.2d 45.
Affirmed.